EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Reinaldo Cabrera Rodríguez; Irelsa Golderos Maldonado, h/n/c Sand and The Sea<br><br>Peticionarios<br><br>v.<br><br>Integrand Assurance Company; Stanley Comas Ferrer; Aseguradora ABC y Juan del Pueblo<br><br>Recurridos<br>_____<br>Comisionado de Seguros de Puerto Rico<br><br>Recurrido<br><br>v.<br><br>Integrand Assurance Company<br><br>Recurrida<br><br>Reinaldo Cabrera Rodríguez; Irelsa Golderos Maldonado h/n/c Sand and The Sea<br><br>Peticionarios | 2025 TSPR 127<br><br>216 DPR ___ |

Número del Caso:  AC-2023-0073

Fecha:  1 de diciembre de 2025

Tribunal de Apelaciones:

    Panel V

Representante legal de la parte peticionaria:

    Lcdo. Jesús M. Del Valle

Representante legal de la parte recurrida:

    Lcda. Marilyn Aponte Nieves

Materia: Derecho de Seguros – Validez de la notificación directa a un reclamante por parte de un liquidador en virtud del Código de Seguros.

Este documento está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal Supremo. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Reinaldo Cabrera Rodríguez; Irelsa Golderos Maldonado, h/n/c Sand and The Sea<br><br>Peticionarios<br><br>v.<br><br>Integrand Assurance Company; Stanley Comas Ferrer; Aseguradora ABC y Juan del Pueblo<br><br>Recurridos<br><br><br>Comisionado de Seguros de Puerto Rico<br><br>Recurrido<br><br>v.<br><br>Integrand Assurance Company<br><br>Recurrida<br><br>Reinaldo Cabrera Rodríguez; Irelsa Golderos Maldonado h/n/c Sand and The Sea<br><br>Peticionarios | AC-2023-0073 |

**El Juez Asociado señor CANDELARIO LÓPEZ emitió la Opinión del Tribunal.**

En San Juan, Puerto Rico, a 1 de diciembre de 2025.

En esta ocasión nos corresponde evaluar si la notificación que emite un liquidador en el contexto de un proceso de liquidación de una aseguradora, al denegar una reclamación presentada, fue correctamente realizada al notificarse al reclamante directamente.

Advertimos que, en materia de interpretación estatutaria, las reglas de hermenéutica establecen que

cuando el texto de la ley es claro y libre de ambigüedad hay que ceñirse a éste. *Asoc. Maestros v. Depto. Educación*, 171 DPR 640, 650 (2007). Asimismo, bajo el principio de especialidad de la ley, hemos reiterado en innumerables ocasiones que, en la interpretación de estatutos, una ley de carácter especial sobre la materia prevalece sobre una de carácter general. *Com. Electoral PPD v. Com. Electoral PNP,* 205 DPR 559, 579 (2020).

En el caso de autos, el Código de Seguros es claro e inequívoco al disponer que la determinación del liquidador con respecto a una reclamación "se notificará por escrito **al reclamante, o a su representante**, por correo de primera clase a la dirección indicada en el formulario de reclamación. […]". 26 LPRA sec. 4036. De esta manera, al utilizar una conjunción disyuntiva inclusiva, el texto del estatuto de carácter especial establece que la notificación podrá dirigirse al reclamante directamente o a su representante, siendo cualquiera de las dos opciones suficiente en derecho en una notificación sobre la determinación del liquidador. Veamos los hechos fácticos que dan lugar a la controversia.

**I**

El 6 de marzo de 2018, el señor Reinaldo Cabrera Rodríguez y la señora Irelsa Golderos Maldonado, haciendo negocios como Sand and the Sea (parte peticionaria)

presentaron una *Demanda* en el caso núm. SJ2018CV01110 sobre incumplimiento de contrato de seguros y daños y perjuicios contra Integrand Assurance Company (Integrand) y el señor Stanley Comas Ferrer (señor Comas Ferrer).[1] En síntesis, la parte peticionaria adujo que, para el 12 de mayo de 2017, Integrand emitió una póliza a su favor con el número 013-028101956-01-000000 para cubrir el negocio Sand and the Sea ubicado en el municipio de Cayey. Según expuso, tras sufrir pérdidas en el referido negocio luego del paso del huracán María, esta presentó una reclamación ante Integrand, pero la aseguradora denegó su petición debido a que la póliza había sido cancelada por falta de pago de la prima. De este modo, la parte peticionaria alegó que el señor Comas Ferrer nunca le notificó que la prima no había sido cobrada por Integrand y que esta última nunca le notificó sobre la cancelación de la póliza. Así las cosas, la parte peticionaria solicitó en la *Demanda* la cantidad de $312,700.00 por los daños asegurados y la cantidad de $3,000,000.00 por daños económicos extracontractuales.[2]

Por otra parte, mediante una *Orden* del 31 de mayo de 2019, se autorizó el inicio de un proceso de rehabilitación de Integrand al amparo del Art. 40.050 del

---

[1] El 25 de febrero de 2019, la parte peticionaria presentó una *Demanda* enmendada, en la que añadió como codemandado a la Cooperativa de Ahorro y Crédito Aguas Buenas, alegando que esta respondía solidariamente por el pago de la pérdida total de la estructura para la cual se requirió cubierta a Integrand.

[2] El 23 de mayo de 2019, el Tribunal dictó una *Sentencia Parcial* ordenando el archivo y desistimiento sin perjuicio en cuanto a la codemandada Cooperativa de Ahorro y Crédito de Aguas Buenas.

Código de Seguros, en el caso núm. SJ2019CV05526.  Lo anterior ocasionó que la causa de acción en el caso núm. SJ2018CV01110 fuese paralizada el 3 de diciembre de 2019. Posteriormente, mediante una *Orden de* liquidación, emitida el 23 de septiembre de 2019, al amparo del Art. 40.210 del Código de Seguros, por lo que el proceso de rehabilitación de Integrand se convirtió en uno de liquidación.  En consecuencia, el 3 de diciembre de 2019, la parte peticionaria presentó **por derecho propio** ante la Oficina del Comisionado de Seguros un *Formulario de reclamación de propiedad* (Formulario) para Integrand en liquidación por la cantidad de $570,743.85.[3]  Esto es así pues en el formulario presentado no compareció ni se anunció ningún abogado en representación de la parte peticionaria.

En respuesta, el 17 de julio de 2020, el liquidador auxiliar de Integrand, envió una carta por correo certificado con acuse de recibo a la dirección postal del peticionario indicada en el Formulario, expresando que la reclamación no puede ser procesada debido a que la póliza se encuentra cancelada desde el 12 de mayo de 2017. Según se desprende de la comunicación, se le explicó a la

---

[3] El referido formulario indicaba, entre otras cosas, lo siguiente: I. Si la reclamación era una demanda; II. El número de caso; III. El nombre y apellido del abogado; IV. 1. El nombre y apellido del asegurado, 2. La dirección física del asegurado, 3. La dirección postal del asegurado, 4. Número de teléfono residencial, 5. Número de teléfono de oficina, 6. Número de teléfono celular, 7. Dirección de correo electrónico, 8. Número de la póliza, 9. La clase de póliza que cubre la reclamación, 10. Número de reclamación, 11. Fecha de ocurrencia.

parte peticionaria que, de no estar de acuerdo con la determinación, podían "presentar ante el Liquidador su objeción […] dentro de un término de treinta (30) días, contados a partir de la fecha de notificación […]". Además, la carta explicaba que se podía acudir en revisión al Tribunal Supervisor dentro de ese término y que de no hacerlo se entendería que estaban de acuerdo con la decisión lo que ocasionaría que esta no pudiera ser objetada posteriormente. Cabe destacar que la parte peticionaria no presentó una objeción a esa determinación y tampoco acudió dentro del término en ley a un tribunal para su revisión, a lo cual tenía derecho.

Así las cosas, el 6 de noviembre de 2020, el Comisionado de Seguros de Puerto Rico (Comisionado), como liquidador de Integrand, presentó en el caso núm. SJ2018CV01110 una *Moción en solicitud de desestimación por falta de jurisdicción sobre la materia al amparo del Capítulo 40 del Código de Seguros de Puerto Rico, 26 L.P.R.A Sec. 4001, et seq. y la orden de liquidación emitida en el caso SJ2019CV05526*. En resumen, el Comisionado alegó que, como resultado de la orden de liquidación, todas las reclamaciones contra Integrand debían presentarse en el **procedimiento administrativo de liquidación de la aseguradora**. Añadió que se había recibido un formulario de reclamación de propiedad presentado por la parte peticionaria, mediante el cual se reprodujo la reclamación en el caso, pero que la misma

había sido denegada el 17 de julio de 2020. El Comisionado sostuvo que la denegatoria de la reclamación advino final y firme debido a que la parte peticionaria no solicitó reconsideración, ni acudió en revisión. Por consiguiente, el Comisionado solicitó la desestimación de la demanda en cuanto a Integrand, toda vez que el Tribunal carecía de jurisdicción sobre la materia; existe una prohibición estatutaria a que se mantenga una acción judicial contra Integrand luego de emitida una orden de liquidación; el procedimiento administrativo de liquidación es el único método para procurar el pago de reclamaciones del caudal de liquidación de Integrand; y la parte peticionaria está impedida de continuar la acción en contra de Integrand pues presentó una reclamación en el procedimiento administrativo de liquidación.

Luego de varios trámites procesales, incluida la oposición de la parte peticionaria, el 17 de octubre de 2022, el Tribunal de Primera Instancia notificó una *Sentencia* declarando con lugar la moción de desestimación presentada por el Comisionado. En resumen, el foro de instancia concluyó lo siguiente:

> La parte demandante presentó una reclamación contra la aseguradora por los daños que sufrió su propiedad en un evento cubierto por la póliza. Comenzado el caso, la aseguradora entró en un proceso de rehabilitación que culminó en una eventual liquidación. El demandante procedió a reclamar siguiendo el procedimiento establecido en el Código de Seguros. El

comisionado habiendo recibido y evaluado la reclamación la denegó ya que la póliza había sido denegada por falta de pago. El 17 de julio de 2020, esta decisión se remitió al demandado tal como establece el Código de Seguros. La parte demandante no solicitó la reconsideración en el término establecido. A tenor con el Código de Seguros, es el tribunal revisor quien tiene la jurisdicción para atender las reclamaciones contra un asegurador en liquidación.

En desacuerdo, el 1 de noviembre de 2022, la parte peticionaria solicitó la reconsideración del dictamen, pero esta fue denegada mediante una *Resolución* notificada el 21 de noviembre de 2022. Inconforme, el 21 de diciembre de 2022, la parte peticionaria acudió al Tribunal de Apelaciones bajo el caso núm. KLAN202201049.

Por otro lado, el 21 de abril de 2022, la parte peticionaria presentó en el caso núm. SJ2019CV05526 una *Demanda de intervención*, en la cual solicitó al foro de instancia que autorice su intervención en el caso para que se atienda la controversia sobre la cual el Comisionado solicitó la desestimación en el caso núm. SJ2018CV01110. No obstante, el 8 de noviembre de 2022, el Tribunal de Primera Instancia notificó una *Sentencia parcial* denegando la petición de intervención de la parte peticionaria. El foro primario dictaminó que no procedía la *Demanda de intervención*, ya que el Liquidador Auxiliar asignado por el Comisionado notificó la determinación denegando la reclamación por la cantidad de $570,743.85 a la dirección postal que proveyó la parte peticionaria en

el Formulario. Además, el foro primario recalcó que la parte peticionaria no presentó una revisión sobre la determinación en la cual se le negó la solicitud de reclamación.

En desacuerdo, la parte peticionaria presentó una solicitud de reconsideración de la *Sentencia parcial*, pero esta fue denegada mediante una *Resolución* emitida el 5 de diciembre de 2022. Inconforme, el 3 de enero de 2023, la parte peticionaria acudió ante el Tribunal de Apelaciones bajo el caso núm. KLAN202300002.

Luego de consolidar los recursos de apelación de las determinaciones en los casos núm. SJ2018CV01110 y SJ2019CV05526, y tras la comparecencia del Comisionado, el 21 de junio de 2023, el Tribunal de Apelaciones confirmó los dictámenes emitidos por el foro de instancia respecto a Integrand. El 6 de julio de 2023, la parte peticionaria presentó una solicitud de *Reconsideración*, pero el 1 de agosto de 2023, notificada el 2 de agosto de 2023, el Tribunal de Apelaciones declaró no ha lugar la solicitud de reconsideración.

Así las cosas, el 1 de septiembre de 2023, la parte peticionaria presentó un recurso de *Apelación civil* ante este Tribunal y señaló el siguiente error:

> Erró el Honorable Tribunal de Apelaciones al no revocar la determinación del TPI en el caso civil número SJ2019CV05526 toda vez que surge de la reclamación presentada ante el Liquidador que el asegurado tenía representación legal y que simultáneo a la

presentación de su reclamación ante la OCS, existía un pleito sujeto a la normativa procesal civil vigente en nuestro ordenamiento jurídico en cuanto a la notificación.

El 8 de diciembre de 2023, este Tribunal emitió una *Resolución* en la cual, acogido el recurso como *certiorari*, expedimos el mismo. Luego de examinar los alegatos presentados por las partes, procedemos a emitir los siguientes pronunciamientos.

## II

### A. Normas de hermenéutica jurídica

Según las normas de hermenéutica jurídica, al momento de interpretar un estatuto, el propósito siempre debe ser el hacer cumplir la intención del legislador. *Zayas Rodríguez y otros v. PRTC,* 195 DPR 720, 733 (2016). Ante ello, al realizar el ejercicio de interpretación debemos atribuir a la ley "un sentido que asegure el resultado que originalmente se quiso obtener". *Rodríguez Figueroa v. Centro de Salud,* 197 DPR 876, 888-889 (2017), citando a *Méndez et al. v. Alcalde de Aguadilla*, 151 DPR 853, 858-859 (2000). Esto pues los tribunales "están obligados a respetar la voluntad legislativa, aunque los magistrados discrepen personalmente de la sabiduría de los actos legislativos". R.E. Bernier y J.A. Cuevas Segarra, *Aprobación e interpretación de las leyes de Puerto Rico*, 2da ed. rev., San Juan, Pubs. J.T.S., 1987, pág. 180. En otras palabras, al momento de interpretar

un estatuto legal nos debemos de abstener de sustituir el criterio legislativo por nuestros propios conceptos de lo justo, razonable y deseable. Íd.

Ante ello, el propio Artículo 19 del Código Civil dispone que "[c]uando la ley es clara y libre de toda ambigüedad, su texto no debe menospreciarse bajo el pretexto de cumplir su espíritu". 31 LPRA sec. 5341. En consecuencia, si el texto del estatuto es claro y carece de ambigüedad, la norma es que se interprete al sentido literal de sus palabras.

Por otra parte, y en lo concerniente al caso de autos, en el contexto de interpretación estatutaria, podrían surgir instancias en las que conviene analizar el uso de conjunciones en una ley que contenga elementos o requisitos específicos. En lo pertinente, el uso de la conjunción disyuntiva 'o' tiene el efecto de desvincular las palabras entre las que es usada. *Alejandro Rivera v. E.L.A.,* 140 DPR 538, 544 (1996). La misma indica "diferencia, separación o alternativa entre dos o más personas, cosas o ideas". *Torres, Torres v. Torres* et al., 179 DPR 481, 494 (2010). Esta conjunción se distingue de la conjunción "y" en que esta última se utiliza para unir palabras o cláusulas en concepto afirmativo, mientras que la conjunción "o" tiene el efecto de desvincular las palabras entre las que es usada. *Morales et als. v. Marengo et al.,* 181 DPR 852, 862 (2011).

Del mismo modo, en materia de hermenéutica rige la norma de que una ley de carácter especial prevalece sobre una de carácter general. *Guardiola Álvarez v. Depto. de la Familia*, 175 DPR 668, 678 (2009). Esto se ha reiterado consistentemente en nuestra jurisprudencia cuando hay conflicto entre dos estatutos, una de carácter general y otro de carácter especial. *Córdova & Simonpietri v. Crown American,* 112 DPR 797, 800 (1982). Solo cuando existen deficiencias en la ley especial es que procede acudir a las leyes generales para suplir dichas deficiencias. *A.I.I.Co. v. San Miguel*, 161 DPR 589, 598 (2004).

**B. Código de Seguros**

En nuestra sociedad, el negocio de seguros está revestido de un alto interés público debido a su importancia, complejidad y efecto en la economía y la sociedad, razón por la cual ha sido ampliamente reglamentado por el Estado. *Maderas Tratadas v. Sun Alliance et al.*, 185 DPR 880, 896 (2012). En particular, la Ley Núm. 77 de 19 de junio de 1957, según enmendada, conocida como el Código de Seguros de Puerto Rico, 26 LPRA sec. 101, *et seq.*, constituye el conjunto de normas especiales que reglamentan la materia de seguros.

En el pasado, hemos enfatizado que, al tratarse de una ley especial, sólo en situaciones jurídicas no consideradas por sus específicas disposiciones, se

acudirá a otras fuentes legales supletorias como lo es, por ejemplo, nuestro Código Civil. *Vélez et al. v. Bristol-Myers*, 158 DPR 130, 134 (2002).

En lo atinente al caso de autos, el Capítulo 40 del Código de Seguros provee la reglamentación que guía los procedimientos cuando una aseguradora adviene en estado de insolvencia, para, de ser posible, lograr su rehabilitación, o en caso contrario, iniciar su procedimiento de liquidación. 26 LPRA sec. 4001. Este Capítulo fue enmendado a través de la Ley Núm. 72 de 17 de agosto de 1991 (91 LPR 72), Leyes de Puerto Rico 1991, Parte 1, págs. 320-321, para atemperarlo a los nuevos cambios propuestos por el *National Association of Insurance Commissioners* (NAIC). Posteriormente, mediante la Ley Núm. 206 de 14 diciembre 2007, se enmendó nuevamente el Capítulo 40 del Código de Seguros para atemperarlo a las disposiciones de la Ley Modelo de la NAIC, conocida como *Insurer Receivership Model Act* (IRMA) y a la experiencia acumulada con los procedimientos existentes por los últimos quince (15) años desde que se aprobó este Capítulo.

Así, el actual Capítulo 40 del Código de Seguros dispone sobre el proceso de liquidación de una aseguradora específicamente en sus Artículos 40.140-40.540. 26 LPRA secs. 4014-4054. El objetivo de este procedimiento es disolver al asegurador mediante un método justo y equitativo. *Asoc. de Garantía v.*

*Commonwealth Ins. Co.*, 114 DPR 166, 173 (1983). De acuerdo con el Artículo 40.140 del Código de Seguros, 26 LPRA sec. 4014, "[e]l Comisionado podrá solicitar del Tribunal de Primera Instancia una orden autorizándole a liquidar un asegurador del país o un asegurador foráneo domiciliado en Puerto Rico" basándose en los fundamentos allí expuestos. Si el foro primario emite la orden de liquidación según solicitada, conforme al inciso (1) Art. 40.150, 26 LPRA sec. 4015, la referida orden "designará al Comisionado, y a sus sucesores en el cargo, como liquidador y lo autorizará para tomar posesión inmediata de los activos del asegurador y para administrarlos bajo la supervisión general exclusiva del Tribunal Supervisor". De este modo, se puede decir que el procedimiento de liquidación comienza a partir de una orden de liquidación emitida por un tribunal competente. *San José Realty, S.E. v. El Fénix de P.R.*, 157 DPR 427, 437 (2002).

Ahora bien, conforme al mismo Artículo 40.150 del Código de Seguros, *supra*, el efecto de una orden de liquidación es que "los derechos y obligaciones del asegurador y los de sus tenedores de pólizas, acreedores, accionistas, miembros y toda otra persona interesada en sus bienes quedarán definidos conforme existan a la fecha de emisión de la orden de liquidación", excepto según se dispone en los Artículos 40.160 y 40.340, 26 LPRA secs. 4016 y 4034, respectivamente.

Asimismo, el Artículo 40.210 del Código de Seguros, 26 LPRA sec. 4021, dispone que "[a]l Al emitirse una orden nombrando un liquidador de un asegurador del país o de un asegurador foráneo domiciliado en Puerto Rico, no se radicará ninguna acción judicial contra el asegurador o contra el liquidador, ni en Puerto Rico ni en cualquier otro lugar, ni se mantendrá ni instará una acción de esa naturaleza luego de emitida la orden". Por ello, después de emitida una orden de liquidación por el foro de instancia, no se podrá presentar ninguna acción judicial contra el asegurador o el liquidador, sea en Puerto Rico o en cualquier otra jurisdicción, y tampoco se podrá mantener cualquier acción judicial contra estos que estuviese pendiente o en curso antes de emitida esta orden. *San José Realty S.E. v. El Fénix de P.R.*, *supra*, pág. 449. En otras palabras, **"una vez un tribunal declara insolvente a una compañía aseguradora y comienza el proceso de liquidación, todas las reclamaciones contra la aseguradora deben consolidarse en un solo foro: el foro administrativo"**. (Énfasis nuestro). *A.I.I.Co. v. San Miguel*, 161 DPR 589, 600 (2004).

Por otra parte, el Art. 40.360 del Código de Seguros, 26 LPRA sec. 4036, dispone, entre otras cosas, lo siguiente:

> (1) Cuando el liquidador, deniegue total o parcialmente una reclamación, la determinación **se notificará por escrito al reclamante, o a su representante**, por correo de primera clase a la dirección indicada en

el formulario de reclamación. Dentro de treinta (30) días después del envío por correo de la notificación, el reclamante podrá presentar sus objeciones al liquidador. Si no se hace tal presentación, el reclamante ya no podrá objetar la determinación.

(2) De la determinación del liquidador el reclamante podrá recurrir en revisión al Tribunal Supervisor. […]. (Énfasis suplido).

Este artículo guarda similaridad con la sección 703 del IRMA que establece, entre otras cosas, lo siguiente: "*Pursuant to the review, the liquidator shall provide notice of the claim determination by any means authorized under Subsection 107 of this Act **to the claimant or the claimant's attorney**.*"

### III

Nos corresponde en esta ocasión resolver si la notificación que emitió el liquidador, con relación a la denegatoria de la reclamación de la parte peticionaria, se emitió conforme a derecho. Según expuso la parte peticionaria en su escrito, cuando la reclamación ante el liquidador se tramita por conducto de abogado, la notificación de cualquier determinación es al abogado y en la alternativa, al reclamante y al abogado. Además, la parte peticionaria argumentó que tanto las disposiciones de la Ley de Procedimiento Administrativo Uniforme (LPAU), como también de las Reglas de Procedimiento Civil, establecen que las notificaciones deberán hacerse al representante legal de la parte, si lo

hay. De esta forma, la parte peticionaria alegó que, aunque el Capítulo 40 del Código de Seguros establece que la notificación será al reclamante o al abogado, realmente se refiere a que, de haberlo, deberá ser al abogado.

Por su parte, el Comisionado adujo en su escrito que el Código de Seguros es una ley especial, por lo que prevalece sobre cualquier ley general. De este modo, sostuvo que la LPAU no tiene cabida en el procedimiento de liquidación de Integrand. Más aún, en una nota al calce, el Comisionado puntualizó que el Art. 40.360 del Código de Seguros, *supra*, establece una conjunción disyuntiva para dejar meridianamente claro que existe la alternativa de efectuar la notificación al abogado, siempre y cuando este haya comparecido ante el proceso, pero que ello no ocurrió.

Como cuestión de umbral, debemos recordar que, en materia de Derecho Administrativo, este Tribunal ha resuelto que cuando una ley habilitadora previa contiene disposiciones procesales incompatibles con la LPAU, esta última desplaza aquellas disposiciones incompatibles. *OAM v. Abarca Health,* 215 DPR __ (2025), 2025 TSPR 23. En este sentido, el análisis en estos casos va más allá de la especialidad de la ley, pues también influye la temporalidad. Íd.

Ahora bien, el proceso de liquidación que dispone el Capítulo 40 del Código de Seguros, *supra*, no es un proceso administrativo ordinario regido por la LPAU, sino un procedimiento estatutario especial. En el mismo el liquidador opera bajo la supervisión de un tribunal y todas las controversias se ventilan en ese foro especializado. De este modo, se trata de que el Capítulo 40 del Código de Seguros diseña un esquema procesal independiente, con su foro propio, reglas de notificación, mecanismos de reclamación y vías de revisión particulares. Ello de por sí resulta incompatible con la estructura y régimen uniforme de la LPAU.

Como bien mencionáramos anteriormente, el proceso de liquidación comienza a partir de una orden de liquidación emitida por el Tribunal de Primera Instancia. En esa orden se designa como liquidador al Comisionado de Seguros, quien toma posesión inmediata de los activos de la compañía y los administra bajo la supervisión de este tribunal. Una vez es emitida esta orden, no se permite por disposición de ley presentar ni continuar ninguna acción judicial contra la aseguradora o el liquidador. Ello pues todas las reclamaciones contra la aseguradora deben consolidarse en el foro administrativo.

Así, al emitirse una orden judicial para iniciar los procedimientos para la liquidación de una compañía insolvente, el liquidador tiene la obligación de

notificar esta orden a toda persona que se conozca o tenga, o que razonablemente pueda tener, reclamaciones contra el asegurador. Por otra parte, los reclamantes potenciales deben presentar sus reclamaciones junto con las pruebas correspondientes, en o antes de la fecha fijada por ley para la presentación de éstas. La radicación de estas reclamaciones deberá realizarse a través de un formulario de reclamación.

Este formulario, por disposición de ley, consistirá en una declaración jurada y firmada por el reclamante que incluya, entre otras cosas: (a) pormenores de la reclamación, incluyendo la causa dada para ésta; (b) identificación y monto de la garantía envuelta en la reclamación; (c) pagos hechos sobre la deuda, si los hubiere; (d) que la suma reclamada es legítimamente adeudada y que no hay ninguna compensación, reconvención, o defensa en la reclamación; (e) cualquier derecho de prioridad en el pago u otros derechos específicos que alegue el reclamante; (f) copia del instrumento escrito en el cual se fundamente la reclamación; y (g) nombre y dirección del reclamante y de su representante legal, si lo hubiere.

Presentada la reclamación, el liquidador la evaluará oportunamente y, de denegarse total o parcialmente, este, por disposición de ley, realizará una notificación por escrito al peticionario o a su abogado a la dirección indicada en el formulario de reclamación. El reclamante

tendrá treinta (30) días después del envío por correo de la notificación para presentar sus objeciones al liquidador. Véase 26 LPRA sec. 4036.

En el caso de autos, no hay controversia respecto a que el señor Reinaldo Cabrera Rodríguez presentó, ante la Oficina del Comisionado de Seguros, **por derecho propio** y no por conducto de su representación legal, el *Formulario de reclamación de propiedad*. Tampoco hay controversia de que la determinación del liquidador fue enviada por correo certificado con acuse de recibo a la dirección postal indicada en el Formulario, perteneciente a la parte peticionaria, expresando que la reclamación no podía ser procesada debido a que la póliza se encontraba cancelada desde el 12 de mayo de 2017. Además, en esta determinación se le advirtió al peticionario de su derecho a presentar ante el liquidador su objeción a la misma dentro de un término de treinta (30) días, contados a partir de la fecha de notificación de la comunicación.

Ahora bien, somos del criterio que la notificación de la determinación del liquidador se realizó conforme a derecho y no era necesario notificar a representante legal alguno de la parte peticionaria, pues el peticionario, como indicáramos anteriormente, **compareció**

**por derecho propio a llenar el formulario de reclamación
y no por representación legal alguna.**[4]

Cabe destacar que, aunque la parte peticionaria tuvo representación legal en el caso núm. SJ2018CV01110, este no anunció que también estaba representado por abogado en el proceso administrativo de liquidación. Aclaramos que se trata de dos procedimientos separados y autónomos, y no puede inferirse que la comparecencia mediante abogado en un pleito judicial implica necesariamente que tiene representación legal en un procedimiento administrativo distinto, como lo es el proceso de liquidación, y más aún que el peticionario esté siendo representado en el proceso administrativo por el mismo abogado que le representó en el proceso judicial.

En resumidas cuentas, el Art. 40.360 del Código de Seguros, *supra*, establece expresamente que la notificación de la determinación podrá realizarse "**al reclamante, o a su representante**". Al utilizar la conjunción disyuntiva "**o**" para hacer la distinción entre el reclamante o el representante legal, el estatuto desvincula las palabras, lo cual implica que no es necesario que se cumplan ambas alternativas, sino que basta con notificar la determinación a una de las opciones para satisfacer el requisito legal. En otras

---

[4] El formulario está firmado y juramentado ante notario por el señor Reinaldo Cabrera Rodríguez. Además, el mismo está ponchado como recibido en la Oficina del Comisionado de Seguros el 3 de diciembre de 2019 a las 8:57 a.m.

palabras, se cumple con la obligación legal si se envía la notificación directamente al reclamante o, si en su lugar, se envía al abogado del reclamante. En este sentido, la intención del legislador es clara en que no es necesario notificar al abogado, cuando lo haya.

Aun cuando la sección 3.14 de la LPAU, 3 LPRA sec. 9654, dispone que la agencia deberá notificar a las partes y a sus abogados, de tenerlos, tal disposición no puede prevalecer sobre una ley especial como el Código de Seguros. Recordemos que, según las normas de hermenéutica jurídica, cuando existe una ley especial que regula una materia específica, en este caso el Código de Seguros, ésta debe prevalecer sobre las disposiciones generales de una ley, como las de la LPAU. Asimismo, cuando existan conflictos entre dos estatutos que regulan un mismo asunto, prevalece la ley de carácter especial sobre la ley general. Adicional, como indicáramos anteriormente, el Capítulo 40 del Código de Seguros, *supra,* dispone un esquema procesal independiente que le hace incompatible con las disposiciones y estructura de la LPAU.

Así pues, al momento de cumplir nuestra tarea inherente de interpretar un estatuto, debemos tener presente la norma de hacer cumplir la intención del legislador. *Zayas Rodríguez y otros v. PRTC, supra*, pág. 733. Por lo tanto, cuando la letra de la ley es clara, como en el caso del Art. 40.360 del Código de Seguros, no

hay espacio para buscar mayor claridad en otras leyes. Actuar, al contrario, desvirtuaría la certeza normativa que debe regir en los procesos de liquidación de aseguradoras.

**IV**

Por los fundamentos antes expuestos y por entender que la notificación en este caso fue conforme a derecho, se confirma la determinación del Tribunal de Apelaciones. Se dictará Sentencia de conformidad.

Raúl A. Candelario López
Juez Asociado

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

|  |  |
|---|---|
| Reinaldo Cabrera Rodríguez; Irelsa Golderos Maldonado, h/n/c Sand and The Sea<br><br>Peticionarios<br><br>v.<br><br>Integrand Assurance Company; Stanley Comas Ferrer; Aseguradora ABC y Juan del Pueblo<br><br>Recurridos<br><br><br>Comisionado de Seguros de Puerto Rico<br><br>Recurrido<br><br>v.<br><br>Integrand Assurance Company<br><br>Recurrida<br><br>Reinaldo Cabrera Rodríguez; Irelsa Golderos Maldonado h/n/c Sand and The Sea<br><br>Peticionarios | AC-2023-0073 |

**SENTENCIA**

En San Juan, Puerto Rico, a 1 de diciembre de 2025.

Por los fundamentos antes expuestos en la Opinión que antecede, los cuales se hacen formar parte de esta sentencia, y por entender que la notificación en este caso fue conforme a derecho, se confirma la determinación del Tribunal de Apelaciones.

Lo acordó el Tribunal y certifica el Secretario del Tribunal Supremo. La Jueza Asociada Rivera Pérez emitió la siguiente expresión disidente:

"En la presente Opinión, la mayoría concluye que la notificación realizada por el Comisionado de Seguros en un procedimiento de liquidación cumple con las garantías de un debido proceso de ley al, erróneamente, establecer que el Artículo 40.360 del Código de Seguros de Puerto Rico, Ley Núm. 77 del 19 de julio de 1957, 26 LPRA sec. 4036, prevalece sobre la Sección 3.14 de la Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico (LPAU), Ley Núm. 38-2017, según enmendada, 3 LPRA sec. 9654. No obstante, las disposiciones de la LPAU aplican **a todo procedimiento administrativo, indistintamente de su naturaleza, salvo que dicho procedimiento haya sido expresamente exceptuado**. Sección 1.4 de la LPAU, 3 LPRA. sec. 9604.

Además, una lectura de dicha pieza legislativa nos lleva a concluir que la Oficina del Comisionado de Seguros y sus procedimientos administrativos no están exentos de su aplicación. Por ende, es preocupante la conclusión a la que arriba la Opinión mayoritaria, sin más, al expresar que el procedimiento establecido en el Capítulo 40 del Código de Seguros resulta incompatible con la estructura y régimen uniforme de la LPAU. Asimismo, es sumamente importante puntualizar que esta legislación se aprobó con posterioridad al Código de Seguros de Puerto Rico, Ley Núm. 77 del 19 de julio de 1957, 26 LPRA sec. 101 *et seq*. En ese sentido, la LPAU "sustituyó los procedimientos de las agencias que sean incompatibles con sus preceptos y ordenó el manejo de los asuntos administrativos de manera consecuente con sus disposiciones". *Perfect Cleaning v. Cardiovascular*, 162 DPR 745, 757 (2004). Igualmente, cuando una ley habilitadora previa contiene disposiciones procesales incompatibles con la LPAU, esta última prevalece. *OAM v. Abarca Health*, 215 DPR __ (2025), 2025 TSPR 23.

De otra parte, es necesario hacer una distinción entre el proceso administrativo que realiza el

Comisionado de Seguros al evaluar los *Formularios de Reclamación de Propiedad* que se someten ante su consideración en un caso de liquidación, y el procedimiento judicial de liquidación que insta el Comisionado contra la aseguradora en el Tribunal de Primera Instancia, Sala de San Juan, conocido como el Tribunal Supervisor. Artículo 40.190 del Código de Seguros, 26 LPRA sec. 4019.

La Opinión reconoce que una vez el Tribunal Supervisor declara insolvente a una compañía aseguradora, comienza el proceso de liquidación, y todas las reclamaciones pendientes contra el asegurador insolvente deben ser desestimadas y consolidadas en un solo foro. *A.I.I.Co. v. San Miguel*, 161 DPR 589, 600 (2004), *San José Realty S.E. v. El Fénix de PR*, 157 DPR 427, 449 (2002). Véase, además, *Davister Corporation v. Unites Republic Life Insurance*, 152 F. 3d. 1277 (1998); *State ex Rel. Guste v. ALIC Corp.*, 595 So. D 797 (1992). Entonces, el tribunal que ordena la liquidación de la aseguradora insolvente es quien retiene jurisdicción sobre todas las acciones en contra la aseguradora, incluso las que existen con anterioridad a la orden. *Integrity Ins. Co. v. Martin*, 769 P.2d 69 (Okla. 1989) citado en *San José Realty S.E. v. El Fénix de PR*, *supra*, pág. 449. Además, el propósito de consolidar todas las reclamaciones, incluyendo las presentadas previo al proceso de liquidación, es evitar que cualquier persona obtenga una preferencia, sentencia, embargo u cualquier gravamen contra la aseguradora, mientras el tribunal mantenga jurisdicción sobre esta. Couch on Insurance 3d, Sec. 5.40 citado en *San José Realty S.E. v. El Fénix de PR*, *supra*, pág. 442. De esta manera se establece un método justo y equitativo. *Asoc. de Garantía v. Commonwealth Ins. Co.*, 114 DPR 166, 173 (1983).

Como parte de este proceso, el liquidador da aviso de la orden de liquidación emitida por el Tribunal Supervisor, "por correo certificado, o

correo electrónico, a toda persona que se conozca tenga, o que razonablemente se espera pueda tener, reclamaciones contra el asegurador, […], y además mediante la publicación de un aviso una vez por semana por tres semanas consecutivas en dos periódicos de circulación general en Puerto Rico y en otros lugares públicos que el liquidador considere apropiado". Artículo 40.190 (1)(d) del Código de Seguros, 26 LPRA sec. 4019.

**Ahora bien, "la notificación a los reclamantes potenciales" requerirá que éstos radiquen sus reclamaciones con el liquidador** junto con las correspondientes pruebas, según establece el Artículo 40.330, *supra*, 26 LPRA sec. 4033, en o antes de la fecha que el Tribunal Supervisor fije para la radicación de reclamaciones, el cual no podrá exceder del período de seis meses a partir de la fecha de emisión de la orden de liquidación o de cualquier extensión que el Tribunal Supervisor fije por causa justificada. Artículo 40.190 (2), *supra*.

El Código de Seguros es claro al indicar que el formulario tiene que incluir un acápite que disponga para el "nombre y dirección del reclamante y de su representante legal, si lo hubiere". Artículo 40.330 (g), *supra*, 26 LPRA sec. 4033 (g). El *Formulario de Reclamación de Propiedad* que fue considerado en el presente caso **incluyó, entre la información a indicar, el número del caso, el nombre y apellido del abogado. Sin embargo, no incluyó un espacio para su dirección.** No obstante, la mayoría resuelve que no era necesario notificar al abogado, pues el aquí peticionario, el Sr. Reinaldo Cabrera Rodríguez, "compareció por derecho propio a llenar el formulario de reclamación y no por representación legal alguna". De esta manera se consideró que la demanda instada por el peticionario contra la aseguradora y el proceso de liquidación eran dos procedimientos separados y autónomos, cuando son procedimientos que, por su naturaleza, se entrelazan, teniendo consecuencias uno sobre el otro.

Como surge de lo antes señalado, el procedimiento de liquidación se realiza mediante un trámite judicial y uno administrativo. El formulario que exige el Código de Seguros, cuya función es parecida al *proof of claim* en la corte de quiebra, es evaluado de forma sumaria por el liquidador, no por el juez o jueza que preside el proceso de liquidación. *Rodríguez Quiñones v. Longhorn Steakhouse*, 202 DPR 158 (2019); *Webster v. Superior Court*, 758 P.2d 596, 602-603 (1988). Por ende, la notificación del liquidador denegando total o parcialmente la solicitud tiene que ser adecuada en cumplimiento con las garantías mínimas que exige el debido proceso de ley. En variadas ocasiones hemos reiterado que las garantías mínimas de un debido proceso de ley se extienden, no solo al ámbito judicial, sino también al administrativo. *PVH Motor v. ASG*, 209 DPR 122, 131 (2022); *Aut. Puertos v. HEO,* 186 DPR 417, 428 (2012).

En el presente caso era necesario puntualizar que el peticionario ya había instado una demanda contra la aseguradora, previo a su liquidación, y que este llenó el formulario como requisito de la orden de liquidación emitida por el tribunal. En ese sentido, **el peticionario no era un potencial reclamante o un reclamante desconocido por el Comisionado de Seguro. Por tanto, la notificación que denegó la solicitud contenida en el formulario debió ser notificada a su representante legal.** Además, si el formulario requiere la información del abogado que está llevando la demanda contra la aseguradora, no existe fundamento alguno para no notificarle también de la denegatoria total o parcial de una reclamación. La Sección 3.14 de la LPAU, 3 LPRA sec. 9654, es clara al disponer que la agencia deberá notificar a las partes y a sus abogados, de tenerlos. Así las cosas, y para efectos del proceso de liquidación, el peticionario era un reclamante previo, por lo cual su demanda y su representante legal eran

conocidos por el Comisionado. En consecuencia, no es posible considerar que este era un reclamante "por derecho propio" para que así el Comisionado de Seguros no tuviera que notificar al representante legal del Sr. Reinaldo Cabrera Rodríguez

En conclusión, la Oficina del Comisionado de Seguros debe dar fiel cumplimiento a los requisitos de notificación que dispone la Sección 3.14 de la LPAU, *supra*, y sus formularios deben estar acorde con esta legislación. Por lo cual, el formulario debe incluir un encasillado que permita a los reclamantes indicar la dirección de su representante legal, de haberlo. Dado que la interpretación que adopta una mayoría de este Tribunal es contraria al presente análisis, y tiene la grave consecuencia de que la parte peticionaria pierda su causa de acción frente a la aseguradora al validar la desestimación de su causa en un proceso violatorio del debido proceso de ley, respetuosamente disiento".

La Jueza Presidenta Oronoz Rodríguez emitió una *Opinión disidente* a la cual se unió el Juez Asociado señor Colón Pérez. El Juez Asociado señor Estrella Martínez emitió una *Opinión Disidente* a la cual se unió el Juez Asociado señor Colón Pérez.

Javier O. Sepúlveda Rodríguez
Secretario del Tribunal Supremo

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Reinaldo Cabrera Rodríguez; Irelsa Golderos Maldonado, h/n/c Sand and The Sea | |
| Peticionarios | |
| v. | |
| Integrand Assurance Company; Stanley Comas Ferrer; Aseguradora ABC y Juan del Pueblo | |
| Recurridos | |
| Comisionado de Seguros de Puerto Rico | AC-2023-0073 |
| Recurrido | |
| v. | |
| Integrand Assurance Company | |
| Recurrida | |
| Reinaldo Cabrera Rodríguez; Irelsa Golderos Maldonado h/n/c Sand and The Sea | |
| Peticionarios | |

Opinión disidente emitida por la Jueza Presidenta ORONOZ RODRÍGUEZ a la cual se une el Juez Asociado señor Colón Pérez

En San Juan, Puerto Rico, a 1 de diciembre de 2025.

Hoy, una mayoría de este Tribunal, mediante una lectura restrictiva del derecho, se desvía de nuestra interpretación acertada del principio de temporalidad para vindicar una notificación defectuosa que hizo una aseguradora a expensas del asegurado. Tras presentarse una reclamación en un proceso de liquidación de una aseguradora, la notificación de toda

determinación debe dirigirse tanto a la parte reclamante como a su representación legal, si la tuviere. Como en el caso ante nos la denegatoria de la reclamación se notificó únicamente a la parte reclamante, mas no a su representación legal, esta fue deficiente, por lo cual nunca comenzó a transcurrir el término para recurrir en revisión.

Lo anterior se debe a que la *Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico*, Ley Núm. 38-2017, según enmendada, 3 LPRA sec. 9601 *et seq.* (LPAU) se aprobó con posterioridad al *Código de Seguros de Puerto Rico*, Ley Núm. 77 del 19 de julio de 1957, 26 LPRA sec. 101 *et seq.* (Código de Seguros) y sus disposiciones aplican a todo procedimiento administrativo, indistintamente de su naturaleza, salvo que dicho procedimiento haya sido expresamente exceptuado. Como el Código de Seguros no dispuso tal excepción, este Tribunal debió concluir que la disposición de la LPAU tomaba preeminencia sobre aquel postulado del Código de Seguros que valida la notificación de las determinaciones administrativas si estas se hacían solamente a la parte reclamante, a pesar de que esta ostente representación legal.

## I

El 5 de marzo de 2018 el Sr. Reinaldo Cabrera Rodríguez y la Sra. Irelsa Golderos Maldonado (en conjunto, Matrimonio) instaron una *Demanda* sobre incumplimiento de contrato de seguros y daños y perjuicios contra Integrand Assurance Company (Integrand o Aseguradora) y otros (SJ2018CV01110). Alegaron que, para el 12 de mayo de 2017, Integrand emitió la

póliza número 013-028101956-01-000000 (Póliza) a su favor para cubrir al negocio Sand and the Sea ubicado en el municipio de Cayey, en caso de riesgos de incendio, terremotos y huracanes. El 20 de septiembre de 2017 la propiedad asegurada sufrió daños como resultado del paso del huracán María por Puerto Rico y estos alegaron que sus pérdidas estaban cubiertas por la Póliza.

Por esa razón, el 22 de noviembre de 2017 su representación legal remitió una misiva en la que reclamó a la Aseguradora el pago por los daños. Integrand se negó a hacerlo debido a que la Póliza se había cancelado por falta de pago de la prima. Sin embargo, el Matrimonio alegó que nunca se le notificó sobre la cancelación. Por ello, solicitó que se le ordenara pagar $312,700, más intereses, costas, gastos y honorarios de abogado.

El 14 de mayo de 2018 Integrand sometió una *Contestación a la Demanda* en la que esbozó que no se trataba de que la Póliza fuera cancelada, sino de que nunca existió un contrato de seguros entre las partes. Esto, pues nunca se concretó el pago de la prima.

De forma paralela y tras múltiples trámites procesales, el 30 de mayo de 2019 el Comisionado de Seguros de Puerto Rico (Comisionado) presentó en un pleito independiente una *Petición de orden para rehabilitar asegurador* (SJ2019CV05526). Solicitó que se emitiera una orden de rehabilitación contra Integrand, por tener un menoscabo de capital que le coloca en tal condición que, de seguir tramitando negocios sin la supervisión directa del

Comisionado, resultaría peligroso para sus tenedores de pólizas, acreedores y el público en general.

El 31 de mayo de 2019 el foro primario dictó una *Orden de Rehabilitación* en la cual declaró ha lugar la petición del Comisionado y dio por iniciado el procedimiento de rehabilitación de Integrand.

Casi un año y medio después de que se iniciara dicho procedimiento, el 6 de noviembre de 2020, el Comisionado presentó una moción de desestimación en el caso del Matrimonio. En esencia, trajo a la atención del foro primario que el 23 de septiembre de 2019 el Tribunal Supervisor[1] declaró insolvente a Integrand y ordenó la conversión del procedimiento de rehabilitación a uno de liquidación bajo las disposiciones de los Artículos 40.130(1) y 40.140 del Código de Seguros, 26 LPRA secs. 4013(1) y 4014. Argumentó que, como resultado de la orden, todas las reclamaciones que pesaban contra Integrand tenían que presentarse en ese procedimiento de liquidación.

El Comisionado explicó que, de conformidad con lo anterior, el 3 de diciembre de 2019 el Matrimonio presentó una reclamación por la cantidad de $570,743.85. Sin embargo, añadió que el 17 de junio de 2020 el foro primario denegó la reclamación y el Matrimonio no solicitó reconsideración ni acudió en revisión al Tribunal Supervisor de dicha determinación. Sostuvo que, por esa razón, esta advino final

---

[1] De acuerdo con el Artículo 40.030(24) del Código de Seguros de Puerto Rico, 26 LPRA sec. 4003(24), el "Tribunal Supervisor" es la Sala del Tribunal de Primera Instancia a la cual ha sido asignado el procedimiento de rehabilitación o liquidación.

y firme, según dispone el Artículo 40.360 del Código de Seguros, 26 LPRA sec. 4036. Por ello, solicitó que se desestimara el caso del Matrimonio, dado que el proceso de liquidación prohibía que se mantuvieran acciones judiciales en contra de Integrand.

En respuesta, el 17 de marzo de 2022 el Matrimonio se opuso y arguyó que no procedía la desestimación porque la denegatoria a la que aludía el Comisionado no se notificó conforme a derecho. Fundamentó lo anterior en el hecho de que, aunque conocía que el Matrimonio contaba con representación legal, la denegatoria se le notificó exclusivamente a este en calidad de asegurado, mas no a su representación legal. Argumentó que la notificación sobre la denegatoria del 17 de julio de 2020 se tenía que hacer a su representación legal y que no hacerlo constituyó una violación crasa a su debido proceso de ley.

El 21 de marzo de 2022 el Comisionado compareció y arguyó que el Código de Seguros, 26 LPRA sec. 101 *et seq.*, dispone que la notificación de la determinación de la reclamación podía realizarse a la persona reclamante o a su representante legal. Sostuvo, además, que en este caso, la determinación del Liquidador se envió por correo certificado a la dirección informada en el Formulario de Reclamación de Propiedad (Formulario) que presentó el Matrimonio ante este. Finalmente, arguyó que debido a que la determinación se notificó directamente a la dirección provista en el Formulario y el Matrimonio no recurrió en revisión ante el Tribunal Supervisor, esta advino final, firme e inapelable.

El 14 de octubre de 2022 el foro primario emitió una *Sentencia* en la cual declaró ha lugar la moción de desestimación que presentó el Comisionado. Inconforme con el dictamen, el 1 de noviembre de 2022 el Matrimonio solicitó la reconsideración del dictamen y adujo que la desestimación era prematura. Esto, debido a que incoó una *Demanda de Intervención* en el caso de liquidación y restaba que el tribunal resolviera en cuanto a la insuficiencia de la notificación que realizó el Comisionado, pues de ser insuficiente, aun no transcurrían los términos para solicitar su revisión. Adujo que, al no haberse resuelto tal controversia, resultaba prematura la *Sentencia* emitida en su caso.

Entretanto, en el caso de liquidación, el 7 de noviembre de 2022 el foro primario emitió una *Sentencia Parcial* en la cual dictaminó que el Liquidador[2] había notificado su dictamen a la dirección que proveyó el Matrimonio en el Formulario. Además, recalcó que, a pesar de que se le notificó la denegatoria conforme a derecho, el Matrimonio no presentó una revisión conforme a lo dispuesto en el Capítulo 40 del Código de Seguros, *supra*. Por lo anterior, concluyó que no procedía la *Demanda de Intervención*.

Tras varios trámites procesales, el Matrimonio recurrió ante el Tribunal de Apelaciones y solicitó que se revocaran ambas determinaciones.

Tras consolidar los recursos, el foro apelativo intermedio

---

[2] El 23 de septiembre de 2019 el Tribunal Supervisor designó al Comisionado de Seguros como Liquidador de Integrand Assurance Company.

emitió una *Sentencia* mediante la cual confirmó los dictámenes recurridos en cuanto a las controversias que aquí nos conciernen. En resumen, determinó que, al este ser un procedimiento especial que está regido por las disposiciones del Código de Seguros, era necesario ceñirse a lo establecido por ese estatuto. De ese modo, coligió que, en el presente caso, el Comisionado notificó adecuadamente al Matrimonio al amparo del Código de Seguros y que dicha notificación no fue objetada oportunamente.

Insatisfecho, el Matrimonio acudió ante nos mediante un recurso de apelación en el que arguyó que el Tribunal de Apelaciones erró al confirmar la determinación del foro primario en el caso de liquidación. Reiteró que la denegatoria no se notificó conforme a derecho, por lo cual nunca comenzaron a correr los términos para recurrir en revisión y, consecuentemente, era prematuro desestimar su causa de acción. Solicitó que determináramos que la notificación del Liquidador fue inoficiosa y ordenáramos que se renotificara.

Coincido con los planteamientos del Matrimonio, por lo que hubiese revocado los foros recurridos y ordenado una nueva notificación de la determinación del Liquidador.

## II

**A. *La notificación a partes con representación legal en un procedimiento administrativo***

"[L]a notificación adecuada constituye un requisito fundamental del debido proceso de ley, el cual es requerido a lo largo de todo el proceso judicial". <u>Colón Vega v. Díaz Lebrón</u>, 211 DPR 548, 574 (2023). Consecuentemente, la

garantía constitucional requiere que el tribunal notifique adecuadamente toda orden, resolución o sentencia que emita. Íd.; Medio Mundo, Inc. v. Rivera, 154 DPR 315, 329 (2001). Como regla general, esto significa que la notificación debe ser real y efectiva, ajustada a los preceptos estatutarios aplicables. Río Const. Corp. v. Mun. De Caguas, 155 DPR 394, 412 (2001). El efecto de que no se lleve a cabo la notificación adecuada es que la sentencia que se dicte no surtirá efecto ni podrá ser ejecutada. Íd.; Falcón Padilla v. Maldonado Quirós, 138 DPR 983, 989 (1995).

Hemos resuelto que el derecho a una notificación adecuada es parte del debido proceso de ley y que, por ello, **"la notificación defectuosa de una resolución no activa los términos para utilizar los mecanismos postsentencia"**. (Negrilla suplida). Maldonado v. Junta de Planificación, 171 DPR 46, 57-58 (2007); Caro v. Cardona, 158 DPR 592 (2003); Asoc. Vec. Altamesa Este v. Mun. San Juan, *supra*; Rivera v. Depto. de Servicios Sociales, 132 DPR 240, 247 (1992).

En cuanto al ámbito administrativo, hemos expresado que el debido proceso de ley no tiene la misma rigidez que en los procedimientos adjudicativos ante los tribunales. Román Ortiz v. OGP, 203 DPR 947, 954 (2020); Álamo Romero v. Adm. de Corrección, 175 DPR 314, 329 (2009). "Sin embargo, hemos reiterado que el procedimiento adjudicativo administrativo debe de ser justo en todas sus etapas y **tiene que ceñirse a las garantías mínimas del debido proceso de ley,** conforme al interés involucrado y a la naturaleza del procedimiento que

se trate". (Negrilla suplida). Román Ortiz v. OGP, *supra*, pág. 954; Álamo Romero v. Adm. de Corrección, *supra*, pág. 330; López Vives v. Policía de P.R., 118 DPR 219, 231 (1987). Consecuentemente, **"el debido proceso de ley también exige [que] las agencias administrativas notifiquen *adecuadamente* los dictámenes que emitan en procedimientos adjudicativos"**. (Negrilla suplida). Román Ortiz v. OGP, *supra*, pág. 954; Comisión Ciudadanos v. G.P. Real Property, 173 DPR 998, 1014 (2008); Asoc. Vec. Altamesa Este v. Mun. San Juan, 140 DPR 24, 34 (1996); Asoc. Residentes v. Montebello Dev. Corp., 138 DPR 412, 421 (1995).

A esos efectos, la Sección 3.14 de la LPAU, 3 LPRA sec. 9654, establece que

> la agencia deberá notificar con copia simple por correo ordinario o electrónico **a las partes, y a sus abogados de tenerlos,** la orden o resolución a la brevedad posible, y deberá archivar en autos copia de la orden o resolución final y de la constancia de la notificación. (Negrilla suplida).

Por otro lado, la Sección 1.4 de la LPAU establece que "esta Ley se aplicará a **todos los procedimientos administrativos conducidos ante todas las agencias que no están expresamente exceptuados por el mismo"**. 3 LPRA 9604 (Negrilla suplida).

Por su parte, el Código de Seguros establece que el Comisionado podrá "dictar reglas y reglamentos para hacer efectiva cualquier disposición de este Código y para reglamentar sus propios procedimientos, siguiendo el procedimiento establecido para ello en la [LPAU]". 26 LPRA sec. 235 (11). Además, establece que el Comisionado tendrá "el poder de adjudicar controversias sobre violaciones al

Código o su Reglamento, **cumpliendo para ello con el procedimiento dispuesto en la [LPAU]**". Íd., sec. 235 (14).

## B. *Proceso de liquidación de una aseguradora*

A través de la Ley Núm. 72 de 17 de agosto de 1991, la Asamblea Legislativa enmendó el Código de Seguros con el propósito de "ampl[iar] la protección para el público consumidor de seguros y otorga[r] mayores poderes a los comisionados de seguros para actuar en el caso de un asegurador que opere con menoscabo al capital o quede insolvente". Exposición de Motivos de la Ley Núm. 72, *supra*, 1991 ((Parte 1) Leyes de Puerto Rico 320).

Uno de los capítulos que fue objeto de enmiendas fue el Capítulo 40, el cual "provee la reglamentación que guía los procedimientos cuando una aseguradora adviene en estado de insolvencia, para, de ser posible, lograr su rehabilitación, o en caso contrario, iniciar su procedimiento de liquidación". San José Realty, S.E. v. El Fénix de PR, 157 DPR 427, 436 (2002); Véase 26 LPRA sec. 4001. Así, **"el propósito de este capítulo es proteger los intereses de los asegurados**, reclamantes, acreedores y el público en general con un mínimo de intervención en las prerrogativas normales de los dueños y la gerencia de los aseguradores". 26 LPRA sec. 4001. (Negrilla suplida).

Así las cosas, el Código de Seguros dispone que, en el proceso de liquidación de una aseguradora insolvente, deberá presentarse al liquidador toda prueba de reclamación en o antes del último día de presentación que se establezca en el aviso de la orden de liquidación conforme al Artículo 40.190,

*supra*. Para ello, se utiliza el Formulario que está regulado bajo el Artículo 40.330, *supra*. Ese Formulario deberá incluir una declaración jurada y firmada por la parte reclamante que incluya todo lo que aplique de lo siguiente:

> (a) pormenores de la reclamación, incluyendo la causa dada para ésta;
> (b) identificación y monto de la garantía envuelta en la reclamación;
> (c) pagos hechos sobre la deuda, si los hubiere;
> (d) que la suma reclamada es legítimamente adeudada y que no hay ninguna compensación, reconvención, o defensa en la reclamación;
> (e) cualquier derecho de prioridad en el pago u otros derechos específicos que alegue el reclamante;
> (f) copia del instrumento escrito en el cual se fundamente la reclamación; y
> **(g) nombre y dirección del reclamante y de su representante legal, si lo hubiere**. 26 LPRA sec. 4033. (Negrilla suplida).

Una vez se presente la reclamación y el liquidador la evalúe, corresponde notificar su decisión conforme lo dispuesto por el Artículo 40.360, *supra*. Este Artículo indica que "[c]uando el liquidador, deniegue total o parcialmente una reclamación, la determinación se notificará por escrito al reclamante, o a su representante, por correo de primera clase a la dirección indicada en el formulario de reclamación". 26 LPRA sec. 4036. Posterior a ello, la parte reclamante tendrá derecho a presentar sus objeciones al liquidador dentro de un término de treinta (30) días después del envío por correo de la notificación. Si la parte reclamante no hace tal presentación, entonces ya no podrá objetar la determinación del liquidador. Finalmente, el Artículo 40.360, *supra* indica que la parte reclamante podrá recurrir al Tribunal Supervisor en revisión de la determinación del liquidador.

**B. *El principio de temporalidad y el principio de especialidad***

El análisis de cuál estatuto debe aplicar en caso de que exista alguna incongruencia entre la LPAU y otro estatuto que regula un procedimiento administrativo es esencialmente uno de temporalidad. Esto se justifica en la medida en que, si una ley se aprobó posterior a otra e incluye un postulado distinto, se puede deducir la intención legislativa de establecer un curso de acción diferente. Oficina de Asuntos Monopolísticos v. Abarca Health, LLC, 2025 TSPR 23, 215 DPR ____ (2025). En ese sentido, "la [LPAU] sustituyó los procedimientos de las agencias que sean incompatibles con sus preceptos y ordenó el manejo de los asuntos administrativos de manera consecuente con sus disposiciones". Perfect Cleaning v. Cardiovascular, 162 DPR 745, 757 (2004). Así, "en ausencia de una cláusula derogatoria expresa, **sólo se considerará derogado del estatuto anterior las secciones que sean irreconciliables** o incompatibles con el [estatuto] posterior". Director I.C.P. v. Fitzgerald, 130 DPR 46, 62 (1992).

Por su parte, el principio de especialidad establece que una ley especial prevalece sobre una ley de carácter general. Com. Electoral PPD v. Com. Electoral PNP, 205 DPR 559 (2020). Si bien es cierto que no favorecemos las derogaciones tácitas en nuestro ordenamiento, nos hemos visto compelidos a reconocerlas en aquellos casos en que la última voluntad legislativa de la ley posterior sea tan irreconciliable con la anterior que ambas no pueden regir conjuntamente. Farmacias Moscoso, Inc. v. K-mart Corp., 138 DPR 497, 510 (1995). El asunto de si una ley posterior deroga tácitamente

una ley anterior es siempre una cuestión que depende de la voluntad de la Legislatura, que será determinada por una comparación de ambos textos, en busca de la certeza de que estos son irreconciliables y que no pueden subsistir conjuntamente. Departamento de Hacienda v. Telefónica, 164 DPR 195, 208 (2005). En casos de conflicto, recientemente expresamos que **el análisis de temporalidad de la ley cobra preeminencia frente al de especialidad**. Oficina de Asuntos Monopolísticos v. Abarca Health, LLC, *supra.*

### III

Una mayoría de este Tribunal arguye que, como el procedimiento de liquidación de un asegurador insolvente es un procedimiento especial de naturaleza estatutaria, las disposiciones del Código de Seguros prevalecen sobre cualquier precepto aplicable de la LPAU por ser esta primera una ley especial. No obstante, un análisis más ponderado de las circunstancias de autos revela que esto no es así.

En lo pertinente, el Artículo 40.360 del Código de Seguros, *supra*, dispone que el liquidador debe notificar la denegatoria total o parcial de una reclamación a la parte reclamante **o** a su representante, a la dirección que se indicó en el Formulario. Debido al uso de la conjunción disyuntiva "o", la mayoría esboza que esta disposición se entiende cumplida si se notifica solo a una de ellas y que lo anterior se desprende con tal claridad que no es necesario recurrir a la LPAU para suplir dicha lectura. No obstante, la utilización de una conjunción disyuntiva inclusiva supone que existen tres posibilidades para cumplir con el estatuto: 1) notificar

a la representación legal, pero no a la parte, 2) notificar a la parte, pero no a su representante legal, y 3) notificar a la parte y a su representante legal.[3]

**Solo una de estas lecturas es compatible con la LPAU, cuya aprobación fue posterior a la disposición objeto de discusión** y cuyo fin fue uniformar los procesos administrativos, incluyendo la notificación. Así las cosas, estamos ante un caso en el que prevalece el principio de temporalidad, por lo que es lógico concluir que debe prevalecer aquella interpretación que sea compatible con ambas disposiciones. De este modo, en ausencia de una derogación expresa, nuestra jurisprudencia señala que se deben entender tácitamente derogadas solamente aquellas secciones que sean irreconciliables con el estatuto posterior, es decir, aquella lectura del Artículo 40.360 del Código de Seguros, *supra*, que permitía solamente notificar a la parte reclamante, aunque esta tuviera representación legal.

Nótese, además, que la aplicación de la LPAU no está limitada por la naturaleza del procedimiento; su aplicabilidad solo se puede limitar si la actuación administrativa en cuestión se exceptuó expresamente de

---

[3] Según los principios de la lógica proposicional, una conjunción disyuntiva inclusiva (p v q) será verdadera si se cumple p, si se cumple q, o si se cumplen tanto p como q. Véase Severo Gamarra Gómez, *Reglas y principios lógicos*, 18 Vox Juris 51, 52-53 (2009). Aun cuando la conjunción "y" se considera copulativa y la conjunción "o" disyuntiva, se ha indicado que sus significados son intercambiables y que pueden ser sustituidas de manera que **la conjunción "o" puede ser leída como "y"**, o viceversa. <u>Pueblo v. Villafañe, Contreras</u>, 139 DPR 134, 145 (1995). No obstante, **tal sustitución se realizará cuando sea necesario para cumplir con la intención legislativa del estatuto en controversia.** <u>Pérez, Pellot v. J.A.S.A.P.</u>, 139 DPR 588, 597 (1995).

cumplir con la LPAU. Ello no ocurrió aquí. Como surge de la normativa que reseñamos, la notificación que surge del Código de Seguros tiene que cumplir con los requisitos mínimos que garantiza nuestra Constitución como parte del debido proceso de ley. La notificación debe ser real y efectiva, ajustada a **los preceptos estatutarios aplicables.** En ese sentido, la notificación que ordena el Artículo 40.360, *supra*, tiene que entenderse dentro del contexto de tanto el resto del Código de Seguros como de la LPAU. Veamos.

En primer lugar, surge expresamente del Artículo 40.360 del Código de Seguros, *supra*, que la notificación de la determinación se tiene que hacer a la dirección que surja del Formulario. Como explicamos previamente, el Artículo 40.330 del Código de Seguros, *supra*, indica que el Formulario debe contener, entre otras cosas, el nombre y la dirección de la parte reclamante **y de su representante legal, si lo hubiere. Nótese que el propio Código de Seguros indica, sin ambages, que si la parte reclamante cuenta con representación legal, el Formulario debe incluir el nombre y la dirección de ambas —la parte reclamante y su representación legal-.** Lógicamente, esta información es necesaria, pues será la que se utilizará posteriormente para notificar la determinación del liquidador.

Sobre lo anterior, el Liquidador arguyó que envió la notificación a la única dirección que el Matrimonio hizo constar en el Formulario. Sin embargo, no podemos perder de perspectiva que la razón por la cual este no pudo indicar la dirección de su representación legal en el Formulario,

provisto por el Comisionado, **fue porque el documento no contenía un encasillado para ello, a pesar de ser requerido por el Artículo 40.330 del Código de Seguros,** *supra*.

En ese sentido, no debemos penalizar a una parte por no incluir información que no se le requirió en un Formulario provisto por el Comisionado para un proceso iniciado por él y al amparo del Código de Seguros. Este proceder le niega su derecho a recibir una notificación adecuada conforme al debido proceso de ley. Por el contrario, ante este escenario, correspondía enfatizar la anomalía de que el Código de Seguros: (1) exige la notificación a la dirección que figura en el Formulario; (2) exige que se identifique tanto a la parte como a su representante legal, pero (3) solo provee **un** encasillado para informar la dirección de notificación de la parte, mas no del abogado.

Es razonable pensar que, al ver un solo espacio, la parte reclamante solo proveerá una dirección -la suya, por su calidad de ser quien reclama-, a pesar de contar con representación legal. A partir de ello, el diseño mismo del Formulario parece generar y avalar el incumplimiento con las garantías mínimas del debido proceso de ley.

En segundo lugar, la Sección 3.14 de la LPAU, *supra*, nos arroja luz sobre cuál es la norma en nuestra jurisdicción en cuanto a lo que constituye una notificación adecuada que cumpla con el mínimo que requiere la garantía constitucional al debido proceso de ley. La referida disposición establece que la agencia deberá notificar a las **partes y a sus representantes legales, si tuvieren.** Además, indica que dicha

notificación se efectuará mediante copia simple por correo ordinario o electrónico.

Si bien es norma establecida, como expone la mayoría, que cuando existen conflictos entre dos estatutos que regulan un mismo asunto, la ley de carácter especial precluye la aplicación de la ley general, en el presente caso no hay conflicto. Procedía armonizar la disposición de la LPAU con la disposición del Código de Seguros, pues su texto permite la interpretación que la LPAU quiso adoptar como aquella que garantiza el cumplimiento con los requisitos mínimos del debido proceso de ley.

En vista de lo anterior, resulta claro que la interpretación acertada del Artículo 40.360 del Código de Seguros, *supra*, es que, cuando una parte reclamante no identifique en el Formulario el nombre de su representante legal las notificaciones se harán directamente a esta. Sin embargo, una vez consigne el nombre de su representación legal, **el liquidador tiene la obligación de notificar su determinación a la representación legal que se incluya en el formulario y a la parte reclamante.**

El hecho de que no surja del Formulario espacio adicional para incluir la dirección de la representación legal no es imputable a la parte y no es causa justificada para la falta de notificación,[4] máxime cuando el mismo Comisionado, quien

---

[4] Nótese que el Artículo 40.330(g) del *Código de Seguros de Puerto Rico*, Ley Núm. 77 del 19 de julio de 1957, 26 LPRA sec. 4033. (Código de Seguros) dispone que en el formulario se debe incluir el "**nombre y [la] dirección [de la parte] reclamante y de su representación legal, si l[a] hubiera**". (Negrilla suplida).

aprueba el Formulario,[5] es responsable de asegurar que sus procedimientos cumplan sustancialmente con la LPAU. Por ello, correspondía resolver que, una vez la parte reclamante consigne en el Formulario el nombre de su representante legal, tanto el Comisionado como liquidador, o la persona por este designada, notificará su determinación a ambas. Además, procedía ordenar al Comisionado a enmendar el Formulario para incluir encasillados que permitan notificar tanto a la parte reclamante como a su representación legal. Ante la interpretación que adopta una mayoría de este Tribunal, que nos conduce a validar una notificación defectuosa, respetuosamente disiento.

Maite D. Oronoz Rodríguez
Jueza Presidenta

---

[5] El Artículo 11.110 del Código de Seguros, 26 LPRA sec. 1111, dispone que el Comisionado de Seguros de Puerto Rico aprobará todo formulario que se use bajo dicha ley.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Reinaldo Cabrera Rodríguez; Irelsa Golderos Maldonado, h/n/c Sand and the Sea<br><br>Peticionarios<br><br>v.<br><br>Integrand Assurance Company; Stanley Comas Ferrer; Aseguradora ABC y Juan del Pueblo<br><br>Recurridos | AC-2023-0073 |
| Comisionado de Seguros de Puerto Rico<br><br>Recurrido<br><br>v.<br>Integrand Assurance Company<br><br>Recurrida<br><br>Reinaldo Cabrera Rodríguez; Irelsa Golderos Maldonado, h/n/c Sand and the Sea<br><br>Peticionarios | |

Opinión disidente emitida por el Juez Asociado Señor ESTRELLA MARTÍNEZ, al cual se une el Juez Asociado Señor COLÓN PÉREZ.

En San Juan, Puerto Rico, a 1 de diciembre de 2025.

Hoy tuvimos la oportunidad de reafirmar el derecho a recibir una notificación adecuada como parte del debido proceso de ley, un principio firmemente arraigado en nuestro ordenamiento jurídico y aplicable a todos los

procedimientos adjudicativos, tanto judiciales como administrativos.

No obstante, una mayoría de este Tribunal adoptó un estándar de notificación más flexible y menos estricto que el requerido en otros procedimientos administrativos, en contravención con las disposiciones de la Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico, *infra*. Al hacerlo, confirmó erróneamente una notificación inoficiosa y, además, validó la desestimación de la demanda contra la aseguradora, lo que limitó la capacidad de la parte peticionaria para defenderse y presentar su reclamo de manera adecuada, particularmente en el contexto de los daños provocados a su negocio por los estragos del huracán María en Puerto Rico.

Por no estar de acuerdo con lo aquí pautado, respetuosamente **disiento**.

Con este breve contexto en mente, procedemos a analizar los hechos procesales que enmarcan esta controversia.

**I**

El 6 de marzo de 2018, el Sr. Reinaldo Cabrera Rodríguez y la Sra. Irelsa Golderos Maldonado (matrimonio Cabrera-Golderos o parte peticionaria) presentaron una *Demanda* por incumplimiento de contrato de seguros y daños y perjuicios contra Integrand Assurance Company (Integrand o aseguradora) y contra el corredor de seguros, el Sr.

Stanley Comas Ferrer (señor Comas Ferrer).[1] El caso fue identificado con el alfanumérico SJ2018CV01110.

En esencia, la parte peticionaria alegó que Integrand había emitido a su favor la póliza de seguro número 013-028101956-01-000000 para cubrir su negocio *Sand and the Sea*, ubicado en el municipio de Cayey, ante riesgos de incendio, terremotos y huracanes, con vigencia desde el 12 de mayo de 2017 hasta el 12 de mayo de 2018. Indicó que el 20 de septiembre de 2017 la propiedad asegurada sufrió daños como resultado del paso del huracán María por Puerto Rico. En atención a ello, señaló que el 22 de noviembre de 2017 su representación legal remitió a Integrand una misiva en la que reclamó el pago por tales daños. El monto reclamado ascendía a $312,700.00.

Sostuvo que, mediante carta del 11 de enero de 2018, Integrand negó la reclamación bajo el fundamento de que la póliza había sido cancelada por falta de pago de la prima. Al respecto, el matrimonio Cabrera-Golderos adujo que el señor Comas Ferrer, el corredor de seguros que gestionó la cubierta para la propiedad de su negocio, nunca le informó que Integrand no había cobrado la prima,

---

[1] El 25 de febrero de 2019, la parte peticionaria presentó una *Demanda enmendada* con el fin de añadir como codemandada a la Cooperativa de Ahorro y Crédito Aguas Buenas. En su escrito, expuso que esta era solidariamente responsable del pago por la pérdida total de la estructura cubierta por la póliza de seguros emitida por Integrand. No obstante, el 23 de mayo de 2019, el foro primario notificó una *Sentencia parcial* en la que ordenó el archivo y desistimiento sin perjuicio respecto a esa parte.

y que la aseguradora tampoco le notificó sobre la cancelación de la póliza. Por ello, solicitó que el tribunal ordenara a las partes codemandadas el pago de los $312,700.00 reclamados, más intereses, costas, gastos y honorarios legales, así como $3,000,000.00 en concepto de daños y perjuicios.

En otro procedimiento judicial ante el foro primario, debido a su delicada situación financiera, Integrand estaba sujeta a un proceso de rehabilitación de aseguradora conforme al Capítulo 40 del Código de Seguros de Puerto Rico, *infra*. Este caso, identificado con el alfanumérico SJ2019CV05526, fue iniciado el 30 de mayo de 2019 por el Comisionado de Seguros de Puerto Rico (Comisionado). Más adelante, el 23 de septiembre de 2019, el Tribunal de Primera Instancia declaró insolvente a Integrand y convirtió el procedimiento de rehabilitación en uno de liquidación. En consecuencia, se designó al Comisionado como liquidador de Integrand, y el proceso de liquidación se llevaría a cabo ante la Oficina del Comisionado de Seguros, donde debían presentarse todas las reclamaciones contra la aseguradora.

En vista de lo anterior, y a solicitud del Comisionado mediante comparecencia especial, el 3 de diciembre de 2019, el foro de primera instancia emitió una *Orden* en la que paralizó los procedimientos en el pleito

por incumplimiento de contrato de seguros y daños y perjuicios instado por la parte peticionaria.

Por lo tanto, el 3 de diciembre de 2019, el matrimonio Cabrera-Golderos presentó una reclamación ante la Oficina del Comisionado de Seguros por un monto de $570,743.85, mediante un documento titulado Formulario de reclamación de propiedad.[2] En lo pertinente a la controversia de autos, **consignó**, según se le solicitó en el renglón "II", **el número de la demanda civil SJ2018CV01110**, y en el renglón "III" **indicó el nombre y apellido de su representante legal, el Lcdo. Jesús M. Del Valle.**

Sin embargo, el 17 de julio de 2020, el liquidador auxiliar de Integrand informó que la reclamación no fue procesada debido a que la póliza se encontraba cancelada. La notificación de esa determinación se envió a la dirección del matrimonio Cabrera-Golderos.

El 6 de noviembre de 2020, en el caso número SJ2018CV01110, el Comisionado, mediante comparecencia especial, solicitó la desestimación del pleito por falta

---

[2] El formulario contenía varios renglones, identificados con números romanos, que debían marcarse o completarse con información específica, incluyendo, respectivamente: **I, marcar con un "sí" o un "no" si la reclamación correspondía a una demanda; II, de haber indicado "sí" previamente, el número de caso; III, el nombre y apellido del abogado;** y IV, información del asegurado, como nombre y apellido, dirección física y postal, números de teléfono residencial, de oficina y celular, dirección de correo electrónico, número de póliza, clase de póliza que cubre la reclamación, número de reclamación y fecha de ocurrencia del evento. Véase Apéndice de la *Apelación civil*, págs. 162-163 y 272-273.

de jurisdicción sobre la materia. Lo anterior, debido a que todas las reclamaciones contra Integrand debían tramitarse ante la Oficina del Comisionado de Seguros y no ante los tribunales, en virtud de la orden de liquidación emitida en el caso número SJ2019CV05526 y del Capítulo 40 del Código de Seguros de Puerto Rico, *infra*. Añadió que, en ese contexto, la parte peticionaria acudió a su oficina y presentó una reclamación que fue denegada debido a la cancelación de la póliza por falta de pago, y que, al no haberse solicitado reconsideración o revisión judical, esa decisión advino final y firme.

El 17 de marzo de 2022, el matrimonio Cabrera-Golderos se opuso a la solicitud de desestimación y sostuvo que esta no procedía porque su representante legal no había sido notificado de la denegación de su reclamación ante el Comisionado, pese a que existía un pleito judicial por los mismos hechos que había sido paralizado y del cual el Comisionado tenía conocimiento desde el 13 de marzo de 2018.

En respuesta, el 21 de marzo de 2022, el Comisionado expresó que, según el Art. 40.360 del Código de Seguros de Puerto Rico, *infra*, la determinación se notificará por escrito al reclamante o a su representante legal, y que, en este caso, la decisión se envió por correo certificado a la dirección proporcionada en el formulario de la reclamación, la cual correspondía a la propiedad

asegurada. Indistintamente de lo anterior, precisó que el Tribunal con jurisdicción para atender cualquier asunto relacionado con el asegurador insolvente o su liquidador era exclusivamente el foro que atendió el proceso de rehabilitación y liquidación.

Tras varios asuntos procesales, el 14 de octubre de 2022, notificada el 17 de octubre de 2022, el Tribunal de Primera Instancia emitió una *Sentencia* en la que desestimó el caso número SJ2018CV01110 por falta de jurisdicción. Además, concluyó que la notificación sobre la denegación emitida por el Comisionado se realizó conforme al Código de Seguros de Puerto Rico, *infra*, y que el matrimonio Cabrera-Golderos no solicitó reconsideración dentro del término establecido.[3]

De forma similar, en el pleito número SJ2019CV05526, el 7 de noviembre de 2022, notificada al día siguiente, el foro primario emitió una *Sentencia parcial* en la que denegó una solicitud de intervención presentada por la parte peticionaria. A su vez, determinó que el Comisionado notificó su dictamen a la dirección proporcionada por el matrimonio Cabrera-Golderos. Por último, concluyó que, aun reconociéndoles legitimación para intervenir en ese pleito, la notificación se efectuó conforme a derecho y

---

[3] El 1 de noviembre de 2022, la parte peticionaria solicitó la reconsideración de tal dictamen. Sin embargo, la misma fue declarada no ha lugar el 19 de noviembre de 2022, notificada el 22 de noviembre de 2022.

que la parte peticionaria no solicitó reconsideración ni revisión judicial de la determinación, tal como exige el Código de Seguros de Puerto Rico, *infra*.[4]

Ante esta situación, el matrimonio Cabrera-Golderos acudió al Tribunal de Apelaciones y solicitó la revocación de ambas decisiones.[5] Tras la consolidación de los recursos, el foro intermedio emitió una *Sentencia* el 23 de junio de 2023. En síntesis, resolvió que, al tratarse de un procedimiento especial regido por las disposiciones del Código de Seguros de Puerto Rico, *infra*, era necesario ceñirse a lo dispuesto en ese estatuto. De esta manera, concluyó que el Comisionado notificó adecuadamente al matrimonio Cabrera-Golderos conforme a lo establecido en el precitado Código, y que tal notificación no se objetó oportunamente. Por tanto, sobre el pleito número SJ2019CV05526, el foro intermedio confirmó en su totalidad la decisión impugnada. En cambio, en el caso número SJ2018CV01110, confirmó la desestimación de la reclamación respecto a Integrand, pero revocó la desestimación contra

---

[4] El 14 de noviembre de 2022, el matrimonio Cabrera-Golderos solicitó la reconsideración de tal dictamen. No obstante, la misma fue declarada no ha lugar el 5 de diciembre de 2022.

[5] En cuanto a la *Sentencia* relacionada con el caso número SJ2018CV01110, la parte peticionaria interpuso un recurso de apelación el 21 de diciembre de 2022. En lo que concierne a la *Sentencia parcial* del pleito número SJ2019CV05526, presentó su recurso de apelación el 3 de enero de 2023.

al señor Comas Ferrer. Así, ordenó la devolución del caso al foro de origen para la continuación de los procedimientos conforme a lo resuelto.[6]

Inconforme, el 1 de septiembre de 2023, la parte peticionaria acudió ante este Tribunal mediante un recurso de apelación. Argumentó que el foro intermedio erró al confirmar la decisión del foro primario en el caso número SJ2019CV05526. Reiteró que la denegatoria de la reclamación no se notificó conforme a derecho, ya que no se le notificó a su abogado, en contravención con la normativa procesal vigente en nuestro ordenamiento jurídico sobre las notificaciones.

Señaló, además, que de la reclamación presentada ante el liquidador surgía que contaba con representación legal, pues, **aunque el formulario no incluía un espacio para indicar la dirección de su representante legal, sí se proveyeron su nombre y apellidos, y se adjuntaron copias de toda la documentación relacionada con el litigio pendiente contra Integrand ante el Tribunal de Primera Instancia.** Por consiguiente, solicitó que se declarara inadecuada e inoficiosa la notificación y se ordenara renotificar la determinación a la dirección de su representante legal, con el fin de que comiencen a

---

[6] El matrimonio Cabrera-Golderos solicitó sin éxito la reconsideración de tal dictamen.

transcurrir los términos para solicitar reconsideración y revisión.[7]

Conforme a lo expuesto, y respecto a la controversia medular de este caso, una mayoría de los integrantes de este Tribunal determinó que, durante los procedimientos especiales de liquidación de una aseguradora, se cumple con la obligación legal de notificación cuando la determinación del liquidador se notifica directamente al reclamante o, en su defecto, a su abogado, conforme al Código de Seguros de Puerto Rico, *infra*.

Según la mayoría, esto aplica aun cuando la Sección 3.14 de la Ley de Procedimiento Administrativo Uniforme de Puerto Rico (LPAU), *infra*, dispone que la agencia debe notificar a las partes y a sus abogados, de tenerlos. Tal conclusión se fundamentó en que esa disposición de la LPAU no puede prevalecer sobre una ley especial como el Código de Seguros de Puerto Rico, *infra*, ya que el Capítulo 40 de ese Código establece un esquema procesal independiente que resulta incompatible con las disposiciones y la estructura de la LPAU, *infra*.

Al no estar de acuerdo con lo resuelto, **disiento**, no sin antes exponer el marco jurídico en el que fundamento mi postura.

**II**

---

[7] El 8 de diciembre de 2023, este Tribunal acogió el recurso de apelación como un *certiorari*, por ser el recurso apropiado, y lo expidió.

**A.**

De acuerdo con nuestro ordenamiento constitucional, ninguna persona puede ser privada de su propiedad sin el debido proceso de ley. Art. II, Sec. 7, Const. PR, LPRA, Tomo 1; Emdas. V y XIV, Const. EE. UU., LPRA, Tomo 1. En ese contexto, hemos señalado que el debido proceso de ley comprende dos (2) dimensiones, a saber, una sustantiva y otra procesal. *Román Ortiz v. OGPe,* 203 DPR 947, 953 (2020); *Fuentes Bonilla v. ELA et al.,* 200 DPR 364, 394 (2018). En la vertiente procesal, pertinente en este caso, el debido proceso de ley exige que los componentes del Estado garanticen un procedimiento justo y equitativo al interferir con los intereses propietarios de una persona. *Román Ortiz v. OGPe, supra,* pág. 953; *Picorelli López v. Depto. de Hacienda*, 179 DPR 720, 735-736 (2010).

Como corolario de este mandato constitucional, hemos subrayado en numerosas ocasiones que los procedimientos adjudicativos deben observar las garantías mínimas siguientes: **(1) notificación adecuada del proceso**; (2) proceso ante un juez o jueza imparcial; (3) oportunidad de ser oído; (4) derecho a contrainterrogar a los testigos y examinar la evidencia presentada en su contra; (5) asistencia de abogado; y (6) decisión basada en el récord. *Román Ortiz v. OGPe, supra*, pág. 954; *Fuentes Bonilla v. ELA et al., supra,* pág. 395; *Rivera Rodríguez & Co. v. Lee Stowell*, 133 DPR 881, 889 (1993).

Cabe mencionar que estas garantías constitucionales se extienden no solo en el ámbito judicial, sino también en el administrativo. En este último, el debido proceso de ley no tiene la misma rigidez que en los procedimientos adjudicativos ante los tribunales. *Román Ortiz v. OGPe*, *supra*, pág. 954; *Álamo Romero v. Adm. de Corrección*, 175 DPR 314, 329 (2009). Ello responde, en gran medida, a la necesidad de que las agencias administrativas tramiten sus procedimientos de manera expedita. *Báez Díaz v. E.L.A.*, 179 DPR 605, 623 (2010). No obstante, hemos enfatizado que **el procedimiento adjudicativo administrativo debe ser justo en todas sus etapas y tiene que ceñirse a las garantías mínimas del debido proceso de ley**, según el interés involucrado y la naturaleza del procedimiento que se trate. *Román Ortiz v. OGPe*, *supra*, pág. 954; *Álamo Romero v. Adm. de Corrección*, supra, pág. 330; *López Vives v. Policía de P.R.*, 118 DPR 219, 231 (1987).

A tono con lo anterior, este Tribunal ha reiterado en múltiples contextos que **el debido proceso de ley requiere que las agencias administrativas notifiquen adecuadamente los dictámenes emitidos en los procedimientos adjudicativos**. Véanse: *Román Ortiz v. OGPe*, *supra*, pág. 954; *Comisión Ciudadanos v. G.P. Real Property*, 173 DPR 998, 1014 (2008); *Asoc. Residentes v. Montebello Dev. Corp.*, 138 DPR 412, 421 (1995).

**B.**

Con la aprobación de la Ley Núm. 38-2017, conocida como la Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico (LPAU), 3 LPRA sec. 9601 *et seq.*, la Asamblea Legislativa extendió a los procedimientos adjudicativos de las agencias administrativas ciertas garantías mínimas inherentes al debido proceso de ley. *Álamo Romero v. Adm. de Corrección*, *supra*, pág. 329; *Gutiérrez Vázquez v. Hernández y otros,* 172 DPR 232 (2007). Ello se debe a que, en el ejercicio de su función adjudicativa, las agencias administrativas intervienen con los intereses libertarios y propietarios de la ciudadanía. *Álamo Romero v. Adm. de Corrección*, *supra*, pág. 329.

Por lo tanto, como parte de las garantías mínimas del debido proceso de ley, la LPAU, *supra*, contempla la obligación que tienen las agencias de notificar sus dictámenes adecuadamente. En consecuencia, como una persona tiene el derecho de impugnar una determinación administrativa mediante el recurso de revisión judicial, resulta esencial que esa decisión sea notificada adecuadamente a todas las partes amparadas por ese derecho. *Picorelli López v. Depto. de Hacienda*, *supra*, 736; *Asoc. Vec. Altamesa Este v. Mun. San Juan*, 140 DPR 24, 33 (1996). A tales efectos, la Sección 3.14 de la LPAU, 3 LPRA sec. 9654, establece que

> [la] agencia deberá <u>notificar</u> con copia simple por correo ordinario o electrónico <u>a las partes,</u>

**y** a sus abogados de tenerlos, la orden o resolución a la brevedad posible, y deberá archivar en autos copia de la orden o resolución final y de la constancia de la notificación. […] (Énfasis nuestro).

Por último, adviértase que, la Sección 1.4 de la LPAU, 3 LPRA sec. 9604, establece que "**[e]sta Ley se aplicará a todos los procedimientos administrativos conducidos ante todas las agencias que <u>no</u> están expresamente exceptuados por el mismo**". (Negrilla suplida).

### C.

Este Tribunal ha sido consecuente en reconocer que, debido al importante rol que desempeña el mercado de seguros en la protección de los riesgos que amenazan la vida o el patrimonio de la ciudadanía, la industria de seguros está investida de alto interés público. *San Luis Center Apts. et al. v. Triple-S*, 208 DPR 824, 831 (2022); *Rivera Matos et al. v. Triple-S et al.*, 204 DPR 1010, 1019 (2020); *R.J. Reynolds v. Vega Otero*, 197 DPR 699, 706-707 (2017). Como resultado de lo anterior, la industria de seguros está extensamente reglamentada mediante el Código de Seguros de Puerto Rico (Código de Seguros), Ley Núm. 77 de 19 de junio de 1957, 26 LPRA sec. 101 *et seq*.

En cuanto a la controversia ante nuestra consideración, el Capítulo 40 del Código de Seguros, *supra*, establece la normativa que guía los procedimientos aplicables cuando una aseguradora adviene en estado de

insolvencia, para, de ser posible, lograr su rehabilitación o, en caso contrario, iniciar su procedimiento de liquidación. *San José Realty, S.E. v. El Fénix de PR*, 157 DPR 427, 436 (2002).

Para esos fines, el Art. 40.090, 26 LPRA sec. 4009, faculta al Comisionado de Seguros a solicitar al Tribunal Superior una orden que lo autorice a rehabilitar a un asegurador del país o a un asegurador foráneo domiciliado en Puerto Rico, conforme a los criterios allí establecidos. Asimismo, cuando el Comisionado determine que continuar los esfuerzos de rehabilitación aumentaría sustancialmente el riesgo de pérdidas para los tenedores de pólizas, acreedores o el público en general, o que tales esfuerzos resultarían inútiles, podrá solicitar al Tribunal la emisión de una orden de liquidación. Art. 40.130, 26 LPRA sec. 4013.

Así, el proceso de liquidación de una compañía de seguros comienza con la orden de liquidación emitida por el tribunal competente. En tal orden se designa al Comisionado de Seguros como liquidador, quien asume de inmediato la posesión de los activos de la compañía y los administra bajo la supervisión del tribunal. Art. 40.150, 26 LPRA sec. 4015; *San José Realty, S.E. v. El Fénix de PR*, *supra*, pág. 436.

Una vez iniciado el procedimiento de liquidación, toda reclamación contra la aseguradora insolvente deberá

presentarse ante el liquidador en o antes de la fecha límite señalada en el aviso de la orden de liquidación, conforme al Art. 40.190 (4), 26 LPRA sec. 4019. Por tanto, todas las reclamaciones contra la aseguradora deben consolidarse a través de un único foro: el administrativo. *A.I.I.Co. v. San Miguel*, 161 DPR 589, 599 (2004); *San José Realty, S.E. v. El Fénix de PR*, *supra*, págs. 441-442. Con ese propósito, el liquidador pondrá a disposición de las personas interesadas el formulario regulado por el Art. 40.330, 26 LPRA sec. 4033, el cual consistirá en una declaración jurada suscrita por la persona reclamante, en la que se incluya todo lo que resulte aplicable de lo siguiente:

    (a)  pormenores de la reclamación, incluyendo la causa dada para ésta;
    (b)  identificación y monto de la garantía envuelta en la reclamación;
    (c)  pagos hechos sobre la deuda, si los hubiere;
    (d)  que la suma reclamada es legítimamente adeudada y que no hay ninguna compensación, reconvención, o defensa en la reclamación;
    (e)  cualquier derecho de prioridad en el pago u otros derechos específicos que alegue el reclamante;
    (f)  copia del instrumento escrito en el cual se fundamente la reclamación; y
    **(g)  nombre y dirección del reclamante y de su representante legal, si lo hubiere.** (Negrilla suplida).

Por último, el Art. 40.360, 26 LPRA sec. 4036, dispone, entre otras cosas, que "[c]uando el liquidador, deniegue total o parcialmente una reclamación, la determinación se notificará por escrito al reclamante, o a su representante, por correo de primera clase a la

dirección indicada en el formulario de reclamación". Íd. Dentro de los treinta (30) días siguientes al envío de la notificación por correo, la persona reclamante podrá presentar sus objeciones ante el liquidador.

**D.**

Cabe señalar que, el Art. 2.030 del Código de Seguros, 26 LPRA sec. 235, enumera los poderes y las facultades del Comisionado o Comisionada de Seguros para supervisar y fiscalizar la industria de seguros. En particular, el inciso (11) de ese artículo dispone que el Comisionado "podrá dictar reglas y reglamentos para hacer efectiva cualquier disposición de este Código y para reglamentar sus propios procedimientos, siguiendo el procedimiento establecido para ello en la […] Ley de Procedimiento Administrativo Uniforme." Íd. Además, establece que el Comisionado tendrá "el poder de adjudicar controversias sobre violaciones al Código o su Reglamento, cumpliendo para ello con el procedimiento dispuesto en la [LPAU]". Íd., (inciso 14).

Asimismo, en su Art. 2.220, 26 LPRA sec. 254, se dispone que

> [u]na orden o resolución final será emitida por el Comisionado, luego de concluido el procedimiento de adjudicación. El Comisionado, o cualquier otro funcionario a quien éste delegue, firmará la orden o resolución, la cual incluirá y expondrá separadamente las determinaciones de hecho, si no se han renunciado, y las conclusiones de derecho. La orden o resolución advertirá el derecho de solicitar la reconsideración ante la Oficina del Comisionado o de instar el recurso de

revisión ante el Tribunal de Apelaciones con expresión de los términos correspondientes. **La notificación y el archivo en autos de la orden o resolución se hará de acuerdo a lo dispuesto en la "Ley de Procedimiento Administrativo Uniforme".** (Negrilla suplida).

### E.

Es un principio de hermenéutica que de ordinario, en caso de conflicto entre disposiciones legales, una ley especial prevalece sobre una ley de carácter general. *Guardiola Álvarez v. Depto. de la Familia*, 175 DPR 668, 678 (2009). Además, las leyes solo pueden derogarse por una ley posterior. Art. 10 del Código Civil de Puerto Rico de 2020, 31 LPRA sec. 5324. Así, la derogación de una ley puede ser expresa o <u>tácita</u>. Íd., Art. 11, 31 LPRA sec. 5325. Es tácita cuando la nueva ley no contiene un pronunciamiento explícito y sus disposiciones son contrarias a la ley anterior o irreconciliables con ella. Íd.

Recientemente, en *OAM v. Abarca Health*, 2025 TSPR 23, 215 DPR ___ (2025), este Tribunal se enfrentó a un conflicto entre dos (2) disposiciones legislativas, a saber: una ley especial y la LPAU. Precisamente, eso es lo que ocurre en el caso de autos. Específicamente, se resolvió cuál era el foro judicial competente para revisar la adjudicación de querellas administrativas presentadas ante el Departamento de Asuntos del Consumidor (DACo) bajo la Ley Antimonopolística de Puerto Rico, Ley Núm. 77 de 25 de junio de 1964, 10 LPRA

sec. 257 *et seq*. Por un lado, la LPAU, *supra*, establecía que el foro competente era el Tribunal de Apelaciones; por otro lado, la Ley Antimonopolística de Puerto Rico, *supra*, señalaba al Tribunal de Primera Instancia. Para analizar esa controversia, este Tribunal explicó que "**el análisis de cuál estatuto debe aplicar en caso de incongruencia con la LPAU es esencialmente uno de temporalidad.** Esto se justifica en la medida que, si una ley posterior incluye un postulado distinto, se puede deducir la intención legislativa de establecer un curso de acción diferente." *OAM v. Abarca Health, supra.* (Negrilla suplida).

Con base en ello, se concluyó acertadamente que la LPAU, *supra*, desplazó tácitamente cualquier disposición estatutaria anterior que contraviniera el nuevo marco de revisión.[8] En consecuencia, determinó que, conforme a la LPAU, *supra*, el Tribunal de Apelaciones era el foro competente para la revisión judicial de las determinaciones del DACo, y no el Tribunal de Primera Instancia, como establece la Ley Antimonopolística de Puerto Rico, *supra*, debido a que la LPAU fue la

---

[8] Ese precedente abordó otra controversia relativa a si existía un término de prescripción para que la Oficina de Asuntos Monopolísticos del Departamento de Justicia presentara una querella administrativa ante el DACo por infracciones al Art. 3 de la Ley Antimonopolística. Debido a lo pautado por una mayoría de este Tribunal es que, en ese extremo, me vi obligado a disentir. Véase Opinión disidente del Juez Asociado señor Colón Pérez en *OAM v. Abarca Health*, 2025 TSPR 23, 215 DPR ___ (2025).

legislación aprobada posteriormente. Íd. En concreto, precisó:

> En este caso, tenemos la expresión afirmativa del legislador de que el proceso de revisión judicial uniforme de la LPAU es exclusivo y excluyente para todas las agencias cobijadas por la ley. Sec. 4.2 de la Ley Núm. 38-2017. En consecuencia, "la [LPAU] sustituyó los procedimientos de las agencias que sean incompatibles con sus preceptos y ordenó el manejo de los asuntos administrativos de manera consecuente con sus disposiciones". *Perfect Cleaning v. Cardiovascular*, 162 DPR 745, 757 (2004). Nótese que en este caso, DACo es una agencia cobijada por la LPAU.
>
> A la luz de lo anterior, **queda paladinamente claro que el proceso de revisión ante el foro intermedio toma precedencia frente a cualquier provisión de una ley de aprobación anterior a la LPAU que sea incompatible.** En ese sentido, aquí el análisis de temporalidad de la ley cobra preeminencia frente al de especialidad. (Negrilla suplida). Íd.

## III

En esta ocasión, nos correspondía determinar si la notificación emitida por el Comisionado, en su calidad de liquidador de Integrand, respecto a la denegatoria de la reclamación de la parte peticionaria, se realizó conforme a derecho.

Según adelantado, una mayoría de este Tribunal concluyó que, durante los procedimientos especiales de liquidación de una aseguradora bajo el Capítulo 40 del Código de Seguros, *supra*, la obligación legal de notificación se cumple cuando la determinación del liquidador se notifica a la parte reclamante <u>o</u>, en la alternativa, a su representación legal.

Para la mayoría, esta interpretación prevalece aun cuando la Sección 3.14 de la LPAU, *supra*, dispone que las agencias deben notificar sus órdenes o resoluciones finales a las partes **y** a sus abogados, de tenerlos. Esta conclusión se fundamentó en que la disposición de la LPAU no puede prevalecer sobre una ley especial como el Código de Seguros, *supra*, cuyo Art. 40.360, establece un esquema procesal independiente e incompatible con las disposiciones y la estructura de la LPAU, al textualizar que la determinación del liquidador se notificará a la parte reclamante **o** a su representante.

Tras examinar la normativa pertinente, **no estoy de acuerdo con lo aquí pautado**. Me explico, no sin antes repasar los argumentos de ambas partes.

El matrimonio Cabrera-Golderos alegó que una reclamación presentada ante un liquidador en la Oficina del Comisionado de Seguros constituye un procedimiento administrativo, por lo que la notificación del dictamen debe dirigirse tanto a las partes reclamantes como a sus representantes legales, de tenerlos, conforme a la Sección 3.14 de la LPAU, *supra*. Además, expuso que, en su caso, el formulario provisto por el Comisionado para la presentación de la reclamación contra Integrand no cumplió con los requisitos del Código de Seguros, *supra*, al no incluir un espacio para consignar la dirección de su representante legal. De todos modos, afirmó haber

proporcionado información suficiente para que el Comisionado tuviera conocimiento de la existencia de su abogado y lo incluyera en la notificación del dictamen.

En específico, el matrimonio Cabrera-Golderos relató que: (1) marcó con una "x" el espacio correspondiente a que su reclamación surgía de una demanda; (2) consignó el número del pleito, el caso civil número SJ2018CV01110; (3) adjuntó copia de la demanda, así como de un informe pericial relacionado con su reclamación; e (4) indicó el nombre y apellidos de su abogado, el Lcdo. Jesús M. Del Valle.

Por el contrario, el Comisionado —en su capacidad de liquidador de Integrand— arguyó que, cuando en un procedimiento de liquidación de aseguradora se deniega total o parcialmente una reclamación, el Código de Seguros, *supra*, autoriza que la notificación se envíe al reclamante o a su representante legal. Además, planteó que la notificación se remitió a la dirección que la parte peticionaria consignó en el formulario, por lo que se efectuó conforme a derecho.

**A.**

El procedimiento de rehabilitación y liquidación de una aseguradora es un proceso especial de naturaleza estatutaria que debe regirse principalmente por el Capítulo 40 del Código de Seguros, *supra*. No obstante, ese proceso, al igual que todos los demás previsto en ese

código, por su carácter adjudicativo-administrativo, debe ajustarse a las garantías mínimas del debido proceso de ley, así como a las disposiciones de la LPAU, *supra*. *Román Ortiz v. OGPe*, *supra*, pág. 954; *Álamo Romero v. Adm. de Corrección*, *supra*, pág. 330; *López Vives v. Policía de P.R.*, *supra*, pág. 231.

De hecho, en relación con esto último, no existe disposición alguna en el Código de Seguros ni en la propia LPAU que indique que tal código está exento de la aplicación de esta última. Al contrario, la Sección 1.4 de la LPAU, 3 LPRA sec. 9604, establece que "**[e]sta Ley se aplicará a todos los procedimientos administrativos conducidos ante todas las agencias que no están expresamente exceptuados por el mismo**". (Negrilla suplida).

Por demás, el Art. 2.030 del Código de Seguros, 26 LPRA sec. 235, enumera los poderes y las facultades del Comisionado o Comisionada para supervisar y fiscalizar la industria de seguros. De forma concreta, el inciso (11) de ese artículo dispone que el Comisionado o la Comisionada "podrá dictar reglas y reglamentos para hacer efectiva cualquier disposición de este Código y para reglamentar sus propios procedimientos, siguiendo el procedimiento establecido para ello en la […] [LPAU]." Íd. Además, establece que el Comisionado tendrá "el poder de adjudicar controversias sobre violaciones al Código o su

Reglamento, cumpliendo para ello con el procedimiento dispuesto en la [LPAU]". Íd.

Asimismo, el Art. 2.220, 26 LPRA sec. 254, dispone que en todo dictamen que emita el Comisionado de Seguros o cualquier otro funcionario a quien este delegue, "**[l]a notificación y el archivo en autos de la orden o resolución se hará de acuerdo a lo dispuesto en la 'Ley de Procedimiento Administrativo Uniforme'**". (Negrilla suplida).

En consecuencia, todo lo anterior permite concluir que la Oficina del Comisionado de Seguros es una agencia sujeta a las disposiciones de la LPAU. Esto significa que todos los procedimientos administrativos que se lleven a cabo en su ámbito deben cumplir con los requisitos de notificación y las demás garantías previstas en la LPAU. Si bien el procedimiento de liquidación de una aseguradora se rige por el Capítulo 40 del Código de Seguros, *supra*, sigue siendo un proceso de adjudicación y, como tal, debe notificarse conforme a las normas del debido proceso de ley aplicables a cualquier procedimiento adjudicativo bajo la LPAU. *Román Ortiz v. OGPe*, *supra*, pág. 954.

Por lo tanto, toda actuación del Comisionado de Seguros, así como de los funcionarios a quienes este delegue funciones, debe ajustarse a los procedimientos uniformes de notificación establecidos por la LPAU, garantizando así el debido proceso de ley.

**B.**

Por si lo anterior fuera poco, como se aprecia, nos encontramos ante dos (2) estatutos que establecen mecanismos distintos respecto a la forma de notificar una determinación. Por un lado, la Sección 3.14 de la LPAU, *supra*, dispone que "[l]a agencia deberá notificar con copia simple por correo ordinario o electrónico a las partes, **y** a sus abogados de tenerlos...". (Énfasis nuestro). Por otro lado, el Art. 40.360 del Código de Seguros, *supra*, dictamina que "[c]uando el liquidador, deniegue total o parcialmente una reclamación, la determinación se notificará por escrito al reclamante, **o** a su representante, por correo de primera clase a la dirección indicada en el formulario de reclamación". (Énfasis nuestro).

Para resolver esta discrepancia, conforme a *OAM v. Abarca Health*, *supra*, el análisis de cuál estatuto debe prevalecer se centra esencialmente en un criterio de temporalidad. Con ello en mente, la LPAU, aprobada en 2017, constituye un marco de procedimiento administrativo que, por su carácter posterior, desplaza tácitamente cualquier disposición estatutaria anterior que resulte incompatible con sus mandatos o con la estructura procesal que establece.

En el presente caso, esa incompatibilidad se observa claramente con el Art. 40.360 del Código de Seguros,

*supra*, cuya regulación sobre notificación difiere de las disposiciones uniformes de la LPAU, particularmente en lo que respecta a los requisitos mínimos para una notificación válida y eficaz. Esta disparidad crea un conflicto que, conforme al criterio temporal adoptado en *OAM v. Abarca Health*, *supra*, debe resolverse a favor de la legislación posterior, es decir, la LPAU, que fue aprobada después del Código de Seguros.

Por consiguiente, soy del criterio de que toda actuación administrativa que implique la notificación de determinaciones –**y que no disponga expresamente que la LPAU no le aplica**– debe ajustarse a los lineamientos de la LPAU para garantizar el debido proceso de ley de todas las partes y evitar que se produzcan notificaciones deficientes que menoscaben el derecho de reconsideración o de revisión judicial en los procedimientos administrativos.

Adviértase que en reiteradas ocasiones, hemos señalado que el procedimiento adjudicativo-administrativo debe ser justo en todas sus etapas y ajustarse a las garantías mínimas del debido proceso de ley, considerando el interés en juego y la naturaleza del procedimiento. *Román Ortiz v. OGPe, supra*, pág. 954; *Álamo Romero v. Adm. de Corrección, supra,* pág. 330. En el presente pleito, al examinar el interés implicado, se trata de una reclamación que surge, lamentablemente, a consecuencia de los estragos

que ocasionó el huracán María en la propiedad del matrimonio Cabrera-Golderos.

**C.**

Cabe mencionar que, el inciso (g) del Art. 40.330 del Código de Seguros, *supra*, detalla la información que debe contener el formulario de reclamación de un procedimiento de liquidación de aseguradora, incluyendo "el nombre y dirección del reclamante **y de su representante legal, si lo hubiere.**" Íd. (Énfasis nuestro). Esto implica, a mi juicio, **que, al consignarse los datos del representante legal, se presume que la persona efectivamente cuenta con uno, ya que de este modo se está anunciando su existencia para propósitos del procedimiento administrativo incoado.**

Según consta en el expediente de autos, el 3 de diciembre de 2019, el matrimonio Cabrera-Golderos presentó una reclamación ante la Oficina del Comisionado de Seguros por un monto de $570,743.85, mediante un formulario provisto por el Comisionado en su calidad de liquidador de Integrand. El referido formulario **no** incluyó un espacio para consignar la dirección de su representante legal.[9]

De todos modos, coincido con los argumentos de la parte peticionaria, **de que proveyeron información suficiente para que el Comisionado tuviera conocimiento de la existencia de su abogado.** Específicamente, el

---

[9] Véase Apéndice de la *Apelación civil*, págs. 162-163 y 272-273.

matrimonio Cabrera-Golderos: (1) marcó con una "X" la casilla correspondiente a si su reclamación surgía de una demanda; (2) consignó el número del pleito, esto es, el caso civil número SJ2018CV01110; (3) adjuntó copia de la demanda y de un informe pericial relacionado con la reclamación; e (4) indicó el nombre y apellidos de su abogado, el Lcdo. Jesús M. Del Valle.[10]

Por ello, y en contraste con la opinión de la mayoría de este Tribunal, que concluye que la parte peticionaria compareció por derecho propio al no anunciar ningún abogado en su representación, considero que lo anterior demuestra que sí contaba con representación legal. Esta conclusión se refuerza al constatar que la parte peticionaria cumplió con todos los pasos necesarios para informar la existencia de su abogado y facilitar su localización, aun cuando el formulario provisto por el Comisionado de Seguros no contemplaba un espacio específico para consignar la dirección del representante legal. Marcar la casilla de que la reclamación surgía de una demanda, consignar el número del pleito, adjuntar copia de la demanda y del informe pericial, e indicar el nombre y apellidos del abogado, son actos que evidencian de manera clara la intención de que toda comunicación y notificación se realizara a través de su representación legal. Negar este reconocimiento equivaldría a penalizar

---

[10] Íd.

a la parte peticionaria por la insuficiencia formal del formulario, en contravención de los principios del debido proceso de ley, en particular el derecho a recibir una notificación adecuada.

## IV.

Con base en lo anterior, estimo que sostener que el liquidador de una aseguradora, en un procedimiento de rehabilitación y liquidación bajo el Capítulo 40 del Código de Seguros, *supra*, puede notificar su determinación únicamente al reclamante o a su representante legal, considerando que ello es suficiente en derecho, y dejar a su absoluta discreción el decidir a quién notificar sin atender las disposiciones de la LPAU sobre las notificaciones, constituye una violación del debido proceso de ley que no puedo avalar.

Esta práctica compromente seriamente las garantías de protección de las partes reclamantes dentro del proceso adjudicative administrativo, al privarlas de la certeza de recibir notificaciones adecuadas sobre decisiones que afectan sus derechos y al impedirles de ejercer oportunamente los mecanismos de reconsideración y revisión judicial que les otorga la ley.

Ante este escenario, considero que este Tribunal debió revocar el dictamen del Tribunal de Apelaciones y ordenar que el liquidador de Integrand renotificara al representante legal del matrimonio Cabrera-Golderos, de

modo que comiencen a transcurrir los términos correspondientes para solicitar reconsideración y revisión judicial, asegurando así que tengan acceso a un procedimiento justo, completo y conforme a derecho.

Así, estimo que debimos pautar que, una vez la parte reclamante consigne en el formulario provisto por la Oficina del Comisionado de Seguros el nombre de su representante legal, el Comisionado, en su calidad de liquidador, o la persona que este designe, deberá notificar su determinación tanto al reclamante como, de existir, a su representante legal, conforme a lo dispuesto en la Sección 3.14 de la LPAU, *supra*.

Por todas estas razones, respetuosamente, **disiento**.


                                   Luis F. Estrella Martínez
                                        Juez Asociado